39152.   GARRETT v. EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY *et al.*

DECIDED JANUARY 15, 1962—REHEARING DENIED JANUARY 30, 1962 AND FEBRUARY 15, 1962.

*William O. Carter*, for plaintiff in error.

*Smith, Field, Ringel, Martin & Carr, Charles L. Drew*, contra.

BELL, Judge. ■ By statutory law and innumerable precedents of our appellate courts it is firmly established that properly supported findings of fact of the State Board of Workmen's Compensation are binding upon the courts, and, where the findings support an award, the courts cannot disturb it.

The claimant here contends that the evidence demands a finding in his favor. We disagree.

"In reviewing an award by the full board denying compensation, this court must accept that evidence most favorable to the employer." *Austin v. General Acc. Assurance Corp.*, 56 Ga. App. 481 (193 SE 86). Since the award is in favor of the defendant, the claimant cannot cause it to be set aside if there is any evidence to support it. Before the claimant can cause the award to be reversed and set aside, a finding for compensation must be demanded by the evidence. *Whitener v. Baly Tire Co.*, 98 Ga. App. 257 (105 SE2d 775).

The evidence here was sufficient to support the finding of the Board that the claimant was not suffering from any disability which would make him less physically able to perform heavy labor than prior to the accident, and that there was no change in his condition other than an improvement.

The findings of fact and denial of compensation made by the Board were properly affirmed by the superior court.

■ The claimant urges that the judgment of the superior court was based upon an erroneous and illegal theory of law, in that the court stated that for purposes of determining the appeal it did not deem it necessary to decide who was to carry the burden of proof; and that, if the burden was on the employer, the evidence authorized the Board to hold that the employer had carried it.

312

There is no merit in this contention. While the superior court in its written opinion affirming the award of the Board did mention the burden of proof, the concluding paragraph of the opinion clearly shows that the basis of the affirmance was that there was sufficient evidence to support the award denying compensation.

Furthermore, the record does not reveal, nor does the award show, that the Board considered the burden of proof to be either upon the claimant or the employer.

■ The claimant further contends in effect that the Board in its award treated the final-settlement receipt as having the legal effect of stopping the obligation of the defendants to pay compensation, and urges correctly that a final-settlement receipt does not of itself terminate the liability of the employer. *Fidelity & Casualty Co. v. King,* 104 Ga. App. 261 (121 SE2d 284). However, this contention is without merit in this case, as it clearly appears from the record that the Board did not consider the final settlement receipt as the reason for denying compensation, but the denial, instead, was based upon the finding that the claimant was not disabled to carry on the duties he had previously performed.

The other contentions urged were not such as to authorize a reversal by this court of the authorized award of the State Board of Workmen's Compensation.

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*