### 53753. LEATHERBY INSURANCE COMPANY et al. v. HUBBARD.

MARSHALL, Judge.
This appeal is brought in a workmen's compensation case by the employer and the present carrier of the employer's compensation insurance. The evidence shows without dispute that the employee, Hubbard, in October,

1974, suffered a serious injury to his left leg, groin-abdominal area and right hip by virtue of falling 26 feet and being impaled upon a steel rod. After extensive medical treatment with resulting partial nerve and muscle paralysis in his left leg (causing a foot drop, correctable by use of a brace) and a continuing ache and pain in his leg and back, Hubbard returned to work for the same employer in January, 1975. While Hubbard did not reassume all his previous duties, he was capable of performing most of those same duties. Several months after returning to work, on May 14, 1975, Hubbard suffered a fall caused by tripping over material on the ground at the job site. He experienced severe pain and locomotor limitation resulting from pain in his lower back as well as additional pain in his leg. He was treated by the same physician who had repaired the injuries caused during the impaling incident. The physician testified that the fall caused by the tripping incident resulted in a temporary aggravation of the original injury, but more definitely caused a lumbosacral strain of some severity. The doctor also testified that a burning sensation and other subjective pains of which Hubbard made complaint were caused, in the doctor's opinion, by the original impaling injury. The doctor also was of the opinion that the lumbosacral strain was of temporary duration and had completely resolved itself by August 5, 1975. He was of the opinion that the burning sensation was caused by a neuroma which had embedded itself in the scar tissue of the first incident and on August 6, 1975, the doctor performed another operation to remove the neuroma. However, no neuroma was found, thus the doctor was unable to state with certainty what was causing the burning sensation.

As opposed to the medical testimony, Hubbard testified that the burning sensation, the low back pain and the other disabling features of his condition first became distinct and obvious following the fall of May 14, 1975. The significance of the dating of the two injuries is caused by the fact that the insurer which covered the expenses involving the impaling injury was the appellee Argonaut Insurance Company. Its coverage expired in January, 1975. Argonaut was supplanted by the

appellant insurance company, Leatherby Insurance Company. If the disabilities and expenses attendant upon the operation of August 6, 1975, are the results of an aggravation of the original fall and impaling in October, 1974, and because of which Hubbard was no longer able to work, there would be a deterioration (i.e., change) causally connected to the original injury with a change in condition rendering Argonaut liable for the coverage. On the other hand, if the expenses of the August 6 operation and hospitalization and inability to work are causally related to the trip and fall of May 14, 1975, then Leatherby Insurance Co. would be liable for compensation inasmuch as the disability would not relate back to the impaling injury of October, 1974. The administrative law judge found that the deterioration of the original injury manifested itself while Hubbard was working for the same employer but that the operation of August 6, as well as Hubbard's inability to work, was a product of the original injury. He also found that the injury of May 14, 1975, was job related, but of temporary duration, and was totally resolved by August 5, 1975. The administrative law judge further found that, inasmuch as the temporary injury was healed on August 5, the doctor's efforts to try to correct the old injury by operating on the claimant for removal of the neuroma on August 6, 1975, were directly related to the original injury of October, 1974. As a result of these findings, the administrative law judge assessed compensation for the temporary injury against Leatherby for temporary total disability for the period from May 14, 1975, until August 5, 1975, at the compensation rate existing at the time of the May, 1975, injury. He assessed compensation for the changed nature of the injury arising out of the impaling accident against Argonaut effective August 6, 1975, with the rate of compensation based upon that existing at the time of the original injury in October, 1974, a smaller amount. The full board of the State Board of Workmen's Compensation affirmed the findings and award of the administrative law judge. The superior court reversed and remanded upon a finding that there was no evidence to support a finding that there was a change of condition, economic or otherwise, as of August 5, 1975. In this appeal, Leatherby

wishes to have Argonaut assume its responsibility, Argonaut wishes to be discharged, and Hubbard wishes to have Leatherby found as insurer for compensation, inasmuch as the permanent disability rate will be higher if the disability is found to be a product of the second injury rather than the first. *Held:*

1. Though the contentions advanced by Argonaut and Hubbard are permissible from the evidence, they are not demanded. Moreover, the ultimate position adopted by the administrative law judge finds support in the evidence. To establish a change of condition that would authorize recommencement of a claimant's compensation benefits subsequent to the claimant's return to work, the claimant must show (1) that the condition has changed for the worse; (2) that because of this change, the claimant was unable to continue at work; (3) that because of this inability to work, the claimant had either a total or partial loss of income; and (4) that the inability to work was proximately caused by the previous accidental injury. *Whitner v. Ga. State University,* 139 Ga. App. 212, 213 (228 SE2d 200) (1976); *Roland v. Cotton States Mut. Ins. Co.,* 133 Ga. App. 442 (211 SE2d 395) (1974). All these tests are met by the evidence in this case. Where the award of the State Board of Workmen's Compensation is supported by any evidence, the award should be affirmed, even though the evidence is not altogether complete and satisfactory. *Blackwell v. Liberty Mut. Ins. Co.,* 230 Ga. 174, 175 (196 SE2d 129) (1973). We will apply the well-established maxim that, upon appeal from an award of the State Board of Workmen's Compensation granting compensation, the evidence will be construed in a light most favorable to the party prevailing before the board. *Fulmer v. Aetna Cas. &c. Co.,* 85 Ga. App. 102 (68 SE2d 180) (1951). Where such findings and award are supported by any evidence, neither this court nor the superior court has any authority to substitute itself as a fact-finding body in lieu of the Board of Workmen's Compensation. *Employers Ins. Co. of Ala. v. Amerson,* 109 Ga. App. 275 (136 SE2d 12) (1962). See *Howard Sheppard, Inc. v. McGowan,* 137 Ga. App. 408, 410 (224 SE2d 65) (1976). Moreover, the evidence reflects two separate and unrelated injuries, occurring at distant

times under coverage by two different carriers. Under such facts, there was no improper portioning of coverage for a single injury. There being some evidence to support the award of the State Board of Workmen's Compensation, it follows that the superior court erred in reversing and remanding the board's award.

2. The claim by the appellee that the award of the administrative law judge as to medical expenses is open-ended is without merit, inasmuch as the amount is clearly ascertainable. *Fieldcrest Mills, Inc. v. Richard,* 141 Ga. App. 702 (5) (1977).

*Judgment reversed. Deen, P. J., and Webb, J., concur.*

ARGUED APRIL 7, 1977 — DECIDED MAY 31, 1977.

*Swift, Currie, McGhee & Hiers, Charles L. Drew, John A. Ferguson, Jr.,* for appellants.

*Paul Knight, Jr., Savell, Williams, Cox & Angel, Lawson A. Cox, II, William S. Goodman,* for appellee.