54199. COMMERCIAL UNION ASSOCIATION COMPANY et al. v. COUCH.

ARGUED JULY 7, 1977 — DECIDED JULY 12, 1977 — REHEARING DENIED JULY 27, 1977.

*Savell, Williams, Cox & Angel, Elmer L. Nash,* for appellants.
*Mundy & Gammage, E. Lamar Gammage, Jr.,* for appellee.

DEEN, Presiding Judge.
1. The parties stipulated at the outset the claimant's general employment, notice and "injury to his right leg below the knee." The only issue before the administrative law judge was the extent of disability. After hearing the

evidence the law judge found that the accident resulted in the claimant's total incapacitation and issued his award accordingly. The burden is on the claimant to show his injury is compensable. *Employers Mut. Liab. Ins. Co. v. Anderson,* 96 Ga. App. 509 (2), 510 (100 SE2d 611). The appellant urges that the claimant has failed to prove his *total* disability arises from "injury by accident arising out of and in the course of the employment." Code § 114-102.

The law judge found the claimant's total incapacitation resulted from "an injury to his right leg and back." The medical evidence is that the claimant suffers from "severe degeneration of the posterior tibial nerve." The claimant, a concrete finisher, was in the course of his employment when a ten-foot, one hundred and fifty pound form fell from a truck onto his right leg. The claimant testified that he was hit by the form in the posterior part of his right leg below the knee and had immediate pain in his right calf; the following day he suffered pain in his back. The doctor who treated the claimant stated that his opinion was that the claimant's total disability stemmed from an "injury that had been incurred somewhere's in the posterior thigh area on the right." The doctor further opined that a blow to the back of the leg would be "causally connected" with the disability though "the brunt of the blow would probably have to be in the midthigh area," that part of the leg above rather than below the knee.

The appellant argues that since the claimant testified he was struck below the knee and the doctor testified that if the injury were from a blow it would "probably" have to have been inflicted above the knee, there has been a failure of evidence necessary to prove that the *total* disability, "severe degeneration of the posterior tibial nerve," results from the on-the-job accident. We disagree. It is uncontroverted that the claimant received a traumatic injury to the back of his right leg while in the course of his employment. He suffered immediate pain in his leg and in his back the following day; the doctor stated "referred pain" in this area was possible from such a blow. The claimant was out of work for a week and then returned to try to do lighter jobs; he remained for two weeks and was observed limping

and falling when his right leg failed to support him. After two weeks of attempting lighter work the claimant left his employment because of pain. The doctor stated he did not believe it possible for someone in the claimant's line of employment to have worked without pain while suffering from posterior traumatic sciatic nerve injury. Yet the evidence shows the claimant was fully and gainfully employed up to the time of the injury to his right leg while on the job, was forced to leave work some three weeks later because he was and is now totally disabled. The evidence supports the award finding the claimant totally incapacitated from the accident stipulated to. *Springfield Ins. Co. v. Fuller,* 106 Ga. App. 140 (126 SE2d 475).

2. The appellant, as noted, stipulated the claimant's general employment, "injury to his right leg below the knee" and notice; these stipulations were incorporated into the findings of the award. In addition the administrative law judge found that "as a result of the accident . . . the claimant received an injury to his right leg and back" and "as a result of said injury the claimant became totally incapacitated to work . . . and that he remains so incapacitated." The board adopted the findings of the administrative law judge as its own in affirming the award. The only issue before the administrative law judge and then the board was whether the accident stipulated to was the cause of the total incapacitation; the evidence supports the findings of fact. These findings and stipulations, set forth in the board's award are a sufficient "statement of the findings of fact and other matters pertinent to the questions at issue." Ga. L. 1975, pp. 198, 207; Code Ann. § 114-707.

*Judgment affirmed. Webb and Marshall, JJ., concur.*