## 57109. PATTON v. REFRIGERATED TRANSPORT COMPANY, INC.

QUILLIAN, Presiding Judge.

This is an appeal from an order of the superior court which affirmed an award of the State Board of Workers' Compensation. *Held:*

1. The award of the board denied compensation holding that the claim was barred because the claim was not filed with the board within the one-year statute of limitation. This was error.

In the findings of fact the award states: "3. Refrigerated Transport Company, Inc. received notice of the accident within the statutory period and thereafter supplied medical attention and made payments of compensation in the amount of $95.00 per week from March 24, 1976 through August 10, 1976 to claimant."

While the record shows that the payments were made without an agreement approved by the board, the checks were designated as workers' compensation payments.

Rule 303 of the State Board of Workers' Compensation, which was rescinded July 1, 1978 but in effect at the time of the claimant's accident, provides in part: "Failure of an employer or insurer to notify the board and the employee of a rejection of a claim within sixty days after the receipt of notice of the accident, creates a rebuttable presumption of acceptance of liability."

Under Rule 303 the employer having notice of the accident and having failed to notify the employee and the board of denial of liability within 60 days after the receipt of notice of the accident, a rebuttable presumption of acceptance of liability arose.

The board erred in not applying the presumption that the employer had accepted liability and its holdings that the claim was barred by the running of the statute of limitation was error.

2. Under that which was held in *James v. Brown Transport Corp.,* 148 Ga. App. 32, the evidence in this case demands a finding that the actions of the employer, paying for the medical and issuing checks over a period of several months to the claimant designated as workers' compensation payments, estopped the employer from

raising the statute of limitation as a defense.

Reversed with direction that the case be remanded to the State Board of Workers' Compensation with direction that the board enter an award in accordance with that which is held in this opinion.

*Judgment reversed with direction. Smith and Birdsong, JJ., concur.*

ARGUED JANUARY 16, 1979 — DECIDED FEBRUARY 15, 1979 — REHEARING DENIED MARCH 13, 1979.

*Michael J. King,* for appellant.

*Swift, Currie, McGhee & Hiers, Richard S. Howell,* for appellee.