57412. HUBBARD v. LEATHERBY INSURANCE
COMPANY et al.
57413. ARGONAUT INSURANCE COMPANY v.
LEATHERBY INSURANCE COMPANY et al.

SMITH, Judge.
Appellants, Argonaut Insurance Company and Harold Hubbard, contend the trial court erred in sustaining an award of the State Board of Workers' Compensation. We disagree and affirm the court's judgment.

On October 24, 1974, when Argonaut was his employer's insurer, Hubbard fell twenty-six feet onto a 7/8-inch iron rod, impaling himself upon it. The rod penetrated his left thigh and lower left abdomen and protruded through his left groin region. Then, on May 14,

1975, after returning to work, Hubbard fell again, and that time suffered a lumbosacral strain. Appellee Leatherby Insurance Company was the employer's insurer at the time of the second accident. On August 6, 1975, surgery was performed upon Hubbard, and the original hearing on his case culminated in the Board's ruling that the October 1974 fall alone necessitated the surgery. The Board also ruled that the May 1975 accident had resulted in Hubbard's being temporarily disabled, from May 15 until August 5, 1975, and that, on August 5, 1975, Hubbard had become totally disabled because of the October 1974 accident. *Leatherby Ins. Co. v. Hubbard,* 142 Ga. App. 476 (236 SE2d 168) (1977), sustained the Board's ruling.

Hubbard then brought this change of condition action, seeking to have the May 1975 accident declared to be the cause of his total disability. The administrative law judge and the Board denied Hubbard the award he sought, and the trial court affirmed the Board's decision.

The Board found as fact: "a. As of October 24, 1975, the last day for the receipt of evidence at the previous hearing, the claimant was incapacitated due to the injury he suffered in October, 1974. b. From the evidence submitted at the change-in-condition hearing, the Board is unable to find that since October 24, 1975, the cause of claimant's incapacity has changed from the injuries he suffered in October, 1974, to those resulting from the accident on May 14, 1975." Accordingly, the Board concluded as law that Hubbard had not undergone a change in condition since October 24, 1975, and that he remained totally disabled because of the October 1974 accident. There being evidence in support of the Board's factual findings, the trial court properly declined to interfere. Contrary to appellants' contentions, when properly construed the Board's decision was not based upon an erroneous legal theory or upon misstatements of fact. The enumerations of error not supported by argument are deemed abandoned.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

ARGUED MARCH 12, 1979 — DECIDED APRIL 30, 1979.

Knight & Knight, Paul Knight, Jr., for appellant (Case No. 57412).

Swift, Currie, McGhee & Hiers, Charles L. Drew, Savell, Williams, Cox & Angel, William S. Goodman, Lawson A. Cox, II, for appellees (Case No. 57412).

William S. Goodman, for appellant (Case No. 57413).

Charles L. Drew, Paul Knight, Jr., for appellees (Case No. 57413).