63800. HOLT SERVICE COMPANY et al. v. MODLIN.

Pope, Judge.
In 1976 claimant-appellee Modlin sustained a back injury while employed as a pipe welder by Daniel Construction Company

("Daniel") in Alabama. Due to this injury, Modlin missed work for one and one-half to two weeks, and he received Alabama workers' compensation benefits. He then returned to work for Daniel performing light duties, at least temporarily. After he left Daniel, Modlin was subsequently employed by a construction company in Albany, Georgia and later by Holt Service Company ("Holt") as a general maintenance worker whose duties included making welding repairs.

Although he did not report it to Holt, his employer at the time, Modlin was hospitalized in June, 1978 for pain in the same area of his back as the initial 1976 injury. His medical expenses were paid by Daniel's insurer. Between 1976 and July 8, 1980 several flare-ups of this back pain occurred, caused by no particular incident ascertainable by Modlin. In mid-July, 1980 Modlin underwent surgery on his spine for removal of a ruptured disc, the same disc which tests performed in 1978 had revealed a torn covering resulting in a bulge of the soft tissue between the adjacent two vertebrae.

Modlin's final day of work for Holt was July 8, 1980, and he did not return to work after surgery. Modlin filed a claim for workers' compensation benefits from his employer Holt and Holt's insurer, Centennial Insurance Company, notice of which was mailed by the State Board of Workers' Compensation ("Board") on September 30, 1980. Holt's Notice to Controvert Payment of Compensation was received by the Board on November 4, 1980. After a hearing and the presentation of evidence, the Administrative Law Judge ("ALJ") issued an award in favor of Modlin. The Board affirmed the ALJ's decision, adding the conclusion that the aggravation of Modlin's pre-existing condition constituted a new accident as of the date on which he was unable to continue work, July 8, 1980. The Board's award was affirmed by the Superior Court of Muscogee County. Holt and its insurer appeal from the Board's decision.

1. Appellants contend that Board Rule 705(d), applied by the ALJ and the Board in this case, is void as an invalid extension of statutory power, the result of which is the erroneous shift of the burden of proof to the employer. Rule 705(d) provides that Form No. WC3 is to be used by the employer to controvert the claimant's right to compensation benefits. The portion of Rule 705(d) at issue provides: "If Form No. WC3 is not filed on or before the 21st day after knowledge of the injury or death, the accident will be presumed to be compensable, subject to rebuttal."

" 'The State Board of [Workers'] Compensation is an administrative commission, with such jurisdiction, powers, and authority as may be conferred upon it by the General Assembly.' "

*American Cas. Co. v. Wilson,* 99 Ga. App. 219, 221 (108 SE2d 137) (1959). "The [Board] is a creature of the statute, and . . . has no inherent powers and no lawful right to act except as directed by the statute. It may exercise its rule-making powers under and within the law, but not outside of the law or in a manner inconsistent with the law." *Southern Co-operative Foundry Co. v. Drummond,* 76 Ga. App. 222, 224 (45 SE2d 687) (1947). Although Code Ann. § 114-703 (a) grants to the Board the power to "make rules, not inconsistent with this Title, for carrying out the provisions of this Title," Board rules so promulgated may not enlarge, reduce, or otherwise affect the substantive rights of the parties. "[T]he rule-making powers of the Board are confined and limited to procedural and administrative matters." *Southern Co-operative Foundry Co.,* supra at 224.

The claimant in a workers' compensation proceeding has the burden of proof to show that his injury is compensable. *Commercial Union Assn. v. Couch,* 143 Ga. App. 64 (1) (237 SE2d 528) (1977); *Travelers Ins. Co. v. Hall,* 128 Ga. App. 71 (2) (195 SE2d 678) (1973); *Employers Mut. Liab. Ins. Co. v. Anderson,* 96 Ga. App. 509 (2) (100 SE2d 611) (1957). This tenet embodies the basic precept of Code Ann. § 38-103 which states that "[t]he burden of proof generally lies upon the party asserting or affirming a fact and to the existence of whose case or defense the proof of such fact is essential." Undoubtedly, the claimant in a workers' compensation proceeding is asserting a compensable injury, the existence of which must be shown in order for recovery for such claim to be granted.

As the Board's power is limited to making rules which are administrative or procedural, inquiry is necessary to determine whether a rule providing for a rebuttable presumption of compensability which shifts the burden of proof in a workers' compensation claim is procedural or substantive. Guidance on this question is found in the area of conflict of laws. The United States Supreme Court stated in Dick v. New York Life Ins. Co., 359 U. S. 437, 446 (79 SC 921, 3 LE2d 935) (1959), that "[u]nder the *Erie* rule, presumptions (and their effects) and burden of proof are 'substantive'. . . ." Further explanation in the same vein is provided in Restatement 2d, Conflict of Laws §§ 133, 134 which, although written to aid in determination of the applicability of foreign or domestic law, nevertheless, affords illumination for classifying presumptions and burdens of proof as substantive or procedural. Under the approach propounded by the Restatement, rules which are designed to regulate the conduct of the trial are procedural, while those designed to affect decision of the issue are substantive. Compensability of the claimant's injury is the central issue in a workers' compensation claim, and the presumption of compensability afforded claimant's

injury at the outset, although rebuttable, is granted under a substantive Board rule, rather than a procedural one, as it affects decision of this central issue.

The effect of Rule 705(d) is to shift the burden of proof on the main point that claimant would otherwise have to prove. This reversal of burdens is based solely upon the employer/insurer's failure to file a Notice to Controvert the claim within the 21-day statutory period provided by Code Ann. § 114-705 (d). This mandatory filing requirement has been legislated by the General Assembly. See Ga. L. 1978, pp. 2220, 2227. Rule 705(d), however, has no such legislative endorsement. It was promulgated only by the Board and, although it was most probably designed to strengthen the filing requirement approved by the legislature, in reality it provides for a punitive shift in the burden of proof for the employer/ insurer who fails to comply. With this, the Board has overstepped its statutory authority and has done that which only the General Assembly is empowered to do. Promulgation of Rule 705(d) is substantive rule-making, and, thus, it is an impermissible extension of the Board's authority. Therefore, that part of Rule 705(d) which grants to the claimant the rebuttable presumption of compensability is invalid.

The invalid portion of Rule 705(d) is unnecessary to encourage compliance with the filing requirements of Code Ann. § 114-705 (d). An adequate provision for sanctions for failure to comply is contained within Rule 705(d) where it states that this failure "may subject employer/insurer to assessment of attorney's fees" pursuant to Code Ann. § 114-712 (b) (2), (3). This court recently held in *Raines & Milam v. Milam,* 161 Ga. App. 860 (289 SE2d 785) (1982), that failure to comply with Code Ann. § 114-705 does not estop the employer/insurer from raising defenses to controvert a claim. "The General Assembly has provided other sanctions against the failure to so file in Code § 114-712(b)(2). That section provides: 'If any provision of Code section 114-705, without reasonable grounds, is not complied with and a claimant engages the services of an attorney to enforce his rights under that section and the claimant prevails, the reasonable fee of the attorney as determined by the Board and the costs of the proceedings may be assessed against the employer.' This provision became effective the same date as § 114-705, viz, July 1, 1978. It is not our function to enlarge these statutory sanctions; rather, any enlargement of sanctions already available is for the General Assembly. [Cits.] Further, since enactment of § 114-712 in 1978 this court has recognized the right to impose the sanctions provided for in that section. [Cits.]" *Raines & Milam,* supra at 862. Further, as we noted in *Raines v. Milam,* the law abhors penalties and

forefeitures.[1]

Appellee urges that this court's decision in *Patton v. Refrigerated Transport Co.,* 149 Ga. App. 302 (254 SE2d 391) (1979), upholds the validity of Rule 705(d). In *Patton* the employer had paid workers' compensation benefits to the claimant during the one-year statutory period in which claimant should have filed his claim. The applicable Board rule, then Rule 303, stated: "Failure of an employer or insurer to notify the board and the employee of a rejection of a claim within sixty days after the receipt of notice of the accident, creates a rebuttable presumption of acceptance of liability." This court held that the employer's payments to the claimant estopped it from raising the statute of limitation as a defense, and that the Board erred in failing to apply the presumption of the employer's acceptance of liability based upon the failure to comply with then Rule 303. Although the factual situation in *Patton* may be easily distinguished, Rule 705(d) is apparently the successor to Rule 303. To the extent that *Patton* is read as a validation of the grant to the claimant of a presumption of compensability based upon the failure of an employer/insurer to file a Notice to Controvert within the statutory period, *Patton* will not be followed.

2. In light of the express application of the invalid part of Rule 705(d) by the ALJ in the case sub judice, the evidence must be weighed again with the burden of proof on the issue of compensability placed upon the claimant. For this reason we do not reach the remaining enumerations of error. The judgment is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED JULY 14, 1982—
REHEARING DENIED JULY 29, 1982—

*Robert B. Hill,* for appellants.
*Joey M. Loudermilk, Alex Byars,* for appellee.

---

[1] See Hiers & Potter, Ga. Workers' Compensation Law and Practice, § 20-5, n. 5 (1981) for a discussion of the harsh results occasioned by the use of Code Ann. § 114-705 (d) prior to our decision in *Raines & Milam,* supra, and the present uneven application of the presumption provided for in Rule 705(d).