### 64370. KELLEY v. WEST POINT PEPPERELL, INC.

SHULMAN, Presiding Judge.
This appeal is from the superior court's reversal of the State Board of Workers' Compensation's award to appellant of compensation for an injury he alleged to have occurred in the course of his employment by appellee. We granted appellant's application for a discretionary appeal to review three issues: the sufficiency of the evidence, the effect of an employer's noncompliance with Code Ann. § 114-705 (d), and the denial of attorney fees to appellant.

1. The superior court based its reversal of the board's award on its conclusion that there was no evidence to establish a causal connection between appellant's injury and the accident appellant contends caused his injury. Contrary to that observation, we find the testimony of appellant that he had an accident at work and injured his back to be competent evidence of the causal connection between the accident and the injury.

"A finding of fact by a director or deputy director of the State Board of Workmen's Compensation, when supported by any evidence, is conclusive and binding upon the court, and the judge of the superior court does not have any authority to set aside an award based on those findings of fact, merely because he disagreed with the conclusions reached therein. [Cits.] . . . Upon appeal from an award of the State Board of Workmen's Compensation granting compensation, evidence will be construed in a light most favorable to party prevailing before the board. [Cit.] . . . Every presumption in favor of validity of award of Board of Workmen's Compensation should be indulged in by reviewing court. [Cit.] . . . Neither Superior Court nor Court of Appeals has any authority to substitute itself as fact finding body in lieu of Board of Workmen's Compensation. [Cit.]" *Howard Sheppard, Inc. v. McGowan,* 137 Ga. App. 408, 410 (224 SE2d 65).

Applying the principles set out above to the record of this case, especially the testimony of the claimant, we find that the superior court erred in reversing the award of the State Board of Workers'

Compensation.

2. Appellant's contentions that appellee's failure to comply with the requirements of Code Ann. § 114-705 (d) works an estoppel which prevents it from controverting his claim for compensation or, at least, shifts the burden to appellee to demonstrate non-compensability are controlled adversely to him by this court's decisions in *Raines & Milam v. Milam,* 161 Ga. App. 860 (289 SE2d 785); and *Holt Service Co. v. Modlin,* 163 Ga. App. 283 (293 SE2d 741).

3. In his final enumeration of error, appellant complains of the superior court's affirmance of that portion of the board's award which denied appellant attorney fees. Our review of the record shows that the superior court correctly applied to this issue the principles set out in Division 1 of this opinion. The board is granted discretion in the award of attorney fees by the statute which authorizes such awards. Code Ann. § 114-712. The record supports the board's finding on this issue and appellant has shown no abuse of discretion.

*Judgment reversed. Quillian, C. J., and Carley, J., concur.*

DECIDED OCTOBER 15, 1982 —
REHEARING DENIED OCTOBER 28, 1982.

*Michael C. Kam,* for appellant.
*William G. Boyd,* for appellee.