77246, 77292. STEPHENS v. OATES et al.; and vice versa.
(374 SE2d 821)

SOGNIER, Judge.

Geneva Knight Stephens brought suit against Kenneth Oates, Jr., and TG&Y Stores, Inc. to recover damages for injuries she suffered when a forklift driven by Oates, a TG&Y employee, collided with a cart pulled by Stephens, an employee of Kelly Temporary Services, Inc. (Kelly) on assignment at a TG&Y warehouse pursuant to a contract between TG&Y and Kelly. Oates and TG&Y moved for summary judgment on the grounds that workers' compensation benefits were Stephens' exclusive remedy, both because Stephens was the bor-

rowed servant of TG&Y and because TG&Y was her statutory employer. The trial court determined that Stephens was the borrowed servant of TG&Y and therefore granted summary judgment in favor of Oates and TG&Y, which is the subject of Stephens' appeal in Case No. 77246. Oates and TG&Y filed a cross-appeal in Case No. 77292, contingent upon reversal in the main appeal, based on the denial of their motion on the alternate statutory employer ground.

1. In the main appeal, Stephens contends the trial court erred by granting summary judgment to Oates and TG&Y because the three-pronged test for establishing that she was TG&Y's borrowed servant was not met. The definitive test for determining whether an employee is a "borrowed servant" was set forth in *U. S. Fidelity &c. Co. v. Forrester*, 230 Ga. 182, 183 (196 SE2d 133) (1973). The evidence must show that "(1) the special master had complete control and direction of the servant for the occasion; (2) the general master had no such control, and (3) the special master had the exclusive right to discharge the servant." Id. In *Six Flags Over Ga. v. Hill*, 247 Ga. 375, 377-378 (1) (276 SE2d 572) (1981), the Supreme Court further refined this test by indicating that all three prongs of the test must focus on "the occasion when the injury occurred" rather than the work relationship in general. We must apply this test to the facts in the case sub judice.

The record reveals that Kelly is a national corporation which supplies temporary personnel. All personnel supplied by Kelly were paid directly by Kelly. The approximately one dozen employees supplied by Kelly to work at TG&Y's warehouse were supervised by TG&Y personnel. There were no distinctions between the work assignments given to the temporary (Kelly) employees and TG&Y's own, permanent employees. They worked side by side, at the same tasks. Stephens testified by deposition that on her first day of work at TG&Y, she went to an orientation at which two TG&Y employees instructed the Kelly workers as to their duties. She further testified there were no differences between the TG&Y employees and the Kelly personnel regarding privileges, parking, dress code, or amount of hours worked. Stephens received her assignments from Carl, a TG&Y employee. Carl also assigned another TG&Y employee to show her how to perform her work, e.g., how to read orders, "pull" the orders, and retrieve the merchandise from the shelves to fill the orders. She was also instructed as to *when* she was to do certain tasks.

"[W]e are not concerned here with whether [Stephens] was always under the control and direction of [TG&Y] but whether [she] was on the occasion when the injury occurred. [Cits.]" *Six Flags Over Ga.*, supra at 377 (1). TG&Y had "complete control and direction of the servant for the occasion," *U. S. Fidelity*, supra at 183, and Kelly had none, satisfying the first two portions of the test. "The same is

true of the rights of the special master to discharge the servant and to put another in his place. This applies only to the special matter or occasion," *Merry Bros. Brick &c. Co. v. Jackson*, 120 Ga. App. 716, 719 (171 SE2d 924) (1969), rendering meritless Stephens' contention that because Kelly had the sole right to discharge her from its employ, the third prong of the test was not satisfied, as it would appear that TG&Y had the exclusive right to discharge Stephens from her assignment at TG&Y if it was dissatisfied with her performance.

We thus find that all three prongs of the test were satisfied, that Stephens was the "borrowed servant" of TG&Y at the time she was injured, and that both TG&Y and Oates, its employee, were immune from suit. See generally *Pulliam v. Richmond County Board &c.*, 184 Ga. App. 403 (361 SE2d 544) (1987). Accordingly, we affirm the trial court's grant of summary judgment to both defendants on this ground. See id.

2. As TG&Y and Oates have conditioned their cross-appeal upon our reversal in the main appeal of the trial court's grant of summary judgment in their favor, and we have affirmed the trial court's grant of summary judgment in their favor in Division 1, it is unnecessary that we consider the issues raised in the cross-appeal and accordingly it is dismissed.

*Judgment affirmed in Case No. 77246. Appeal dismissed in Case No. 77292. Deen, P. J., and Carley, J., concur.*

DECIDED OCTOBER 24, 1988.

Robert H. Malone III, for appellant.
Wallace Miller III, Dan Bullard IV, for appellees.