A90A0525. BENNETT v. BROWNING et al.

(395 SE2d 333)

Carley, Chief Judge.

In this workers' compensation case, appellant Horace Bennett entered into an arrangement whereby he would lend one of his employees to appellee D & L Materials, Inc., when that employee's services were not needed by him. When appellee borrowed appellant's employee, it used him to drive one of its trucks. While he was working as appellee's truck driver, the employee was subject to the control of appellee and appellee had the right to discharge him. Appellee paid appellant for the use of the employee as its driver.

When the employee sustained an injury while driving a truck for appellee, he sought workers' compensation benefits. The Administrative Law Judge (ALJ) found that, at the time of employee's injury, he was the borrowed servant of appellee and that the injury arose out of and in the course of his employment with appellee and not with appellant. The ALJ concluded that appellant had no liability for workers' compensation benefits and entered an award against appellee only. The Full Board adopted the award of the ALJ. On appeal, the superior court amended the award so as to reflect that the employee was the servant of both appellee and appellant, and ordered that, pursuant to OCGA § 34-9-224, both contribute to the payment of workers' compensation benefits in proportion to their wage liability to the employee. Appellant brings this appeal pursuant to our grant of his application for a discretionary appeal from the superior court's order.

The ALJ found that, on the date of his injury, the employee "was in the general employ of [appellant]. . . ." This finding, as adopted by the Full Board, must be upheld under the "any evidence" rule. See *Kelley v. West Point Pepperell*, 164 Ga. App. 187 (1) (296 SE2d 191) (1982). However, this finding is not necessarily inconsistent with the ALJ's further finding that, on the date of his injury, the employee was a borrowed servant of appellee and that only appellee should be liable for workers' compensation benefits. "Ordinarily, when one lends his servant to another for a particular employment, the servant *will be dealt with as a servant of the person to whom he is lent*, although he

remains the general servant of the person who lent him. [Cits.]" (Emphasis supplied.) *Merry Bros. Brick &c. Co. v. Jackson*, 120 Ga. App. 716, 719 (171 SE2d 924) (1969). Indeed, in the ordinary case, " 'one is not the servant of two masters. . . . [Cits.]' " *United States Fid. &c. Co. v. Forrester*, 230 Ga. 182, 184 (196 SE2d 133) (1973). See also *Merry Bros. Brick &c. Co. v. Jackson*, supra at 719.

In *United States Fid. &c. Co. v. Forrester*, supra at 185, relied upon by the superior court, the Supreme Court held that, under the facts of that case, the deceased employee could have been found to be the employee of both the general employer and the employer to whom he was alleged to have been loaned, *or either*. This court has upheld a Full Board determination that an employee was, *at the time of his injury* (see *Stephens v. Oates*, 189 Ga. App. 6, 7 (1) (374 SE2d 821) (1988)), in the employment of his special employer under the "borrowed servant" doctrine, *but not* of his general employer. *Adams v. Johnson*, 88 Ga. App. 94, 95 (76 SE2d 135) (1953). In the instant case, the evidence did not demand a finding that the employee was, at the time of his injury, in the *joint* employment of both appellant and appellee within the purview of OCGA § 34-9-224. Compare *United States Fire Ins. Co. v. City of Atlanta*, 135 Ga. App. 390, 392 (5) (217 SE2d 647) (1975). The ALJ and the Full Board were authorized to find that, at the time of his injury, the employee was in the employment of appellee so that appellee, and not appellant, was liable for payment of his workers' compensation benefits. *Adams v. Johnson*, supra. The payment of the employee's wages by appellee to appellant does not require a contrary finding. See *United States Fid. &c. Co. v. Stapleton*, 37 Ga. App. 707, 708 (2) (141 SE 506) (1928); *Stephens v. Oates*, supra. Thus, the superior court erred in reversing the award of the Full Board.

*Judgment reversed. Deen, P. J., Birdsong, Sognier, Beasley and Cooper, JJ., concur. McMurray, P. J., Banke, P. J., and Pope, J., dissent.*

McMURRAY, Presiding Judge, dissenting.

The findings of the administrative law judge were adopted by the full board. The administrative law judge found that "[o]n June 10, 1988 claimant was in the general employ of [appellant]. . . ."

The general rule is that when one lends his servant to another for a particular purpose, the servant while viewed as a servant of the person to whom he is loaned, remains the general servant of the person who loaned him. *Stephens v. Oates*, 189 Ga. App. 6, 7 (1), 8 (374 SE2d 821); *Merry Bros. Brick &c. Co. v. Jackson*, 120 Ga. App. 716, 719 (171 SE2d 924); *Liberty Mut. Ins. Co. v. Kinsey*, 65 Ga. App. 433, 441 (16 SE2d 179). Thus, the "loaned servant" or "borrowed servant" may look for workers' compensation coverage to both the employer to

whom he is loaned by his actual employer, and to his actual employer. *United States Fid. &c. Co. v. Forrester*, 230 Ga. 182 (196 SE2d 133); *Scott v. Savannah Elec. &c. Co.*, 84 Ga. App. 553 (66 SE2d 179). It follows that the administrative law judge and the full board erred in determining that only the borrowing employer, D & L Materials, Inc., was liable for compensation of claimant. *Adams v. Johnson*, 88 Ga. App. 94 (76 SE2d 135), cited by the majority, as authority for its opposing view, may be distinguished since in that case there was a factual finding that the injured worker was *not* an employee of the alleged general employer.

The superior court was correct to overrule the board and hold that appellant is also liable for the compensation of claimant. While there may be certain harmless errors in the reasoning of the superior court, I would affirm under the right for any reason rule. *Shapiro v. Lipman*, 259 Ga. 85, 86 (377 SE2d 673).

I am authorized to state that Presiding Judge Banke and Judge Pope join in this dissent.

DECIDED JUNE 8, 1990 —
REHEARING DENIED JUNE 29, 1990 — CERT. APPLIED FOR.

*Savell & Williams, Tash J. Van Dora, Elmer L. Nash*, for appellant.

*J. Carol Sherwood, Jr., Reginald C. Wisenbaker, E. Lee Southwell III, Chambless & Chambless, Vernon L. Chambless*, for appellees.