A00A1808. SMITH v. MR. SWEEPER STORES, INC. et al.
(544 SE2d 758)

MILLER, Judge.

In this workers' compensation appeal, the sole question is whether Betty L. Smith or her employer/insurer bore the burden of proof of establishing that Smith's claim for continued medical treatment (after years of the employer paying for medical treatment for a work-related aggravation of a preexisting injury) was directly related to her work-related injury. After review, the superior court affirmed the appellate division of the State Board of Workers' Compensation which found that Smith, not her employer, had that burden. We agree.

On August 2, 1990, while on company business for her employer (Mr. Sweeper Stores, Inc.), Smith was involved in an automobile accident. She sought and obtained medical benefits only. About seven years later, her employer, its insurer (State Auto Insurance Company), and the servicing agent refused to pay for continuing treatment for Smith's headaches and hypertension on the basis that such

[6] *Brown v. State*, 236 Ga. App. 478, 481-482 (3) (512 SE2d 369) (1999).

treatment was not related to the August 2, 1990 automobile accident and duly notified her doctors.[1] Notice was sent to Smith, Dr. Warren Davis, Dr. Gary Myerson, and to the Board that the right to compensation was being disputed for these reasons: "1. Blood pressure medication is not related to 8-2-90 accident. 2. Current medical treatment and prescriptions are due to preexisting conditions and are not related to the specific 8-2-90 auto accident."

Smith disagreed with this action and filed a request for an administrative hearing on the matter of payment.[2] Pursuant to Smith's request, an administrative law judge ("ALJ") conducted a hearing to resolve whether Smith was still entitled to medical services. The parties stipulated that no temporary total disability benefits had ever been paid in the case. The employer/insurer (collectively "employer") agreed that the August 1990 automobile accident had aggravated Smith's preexisting problems with headaches and hypertension. But the employer contended that the aggravation had resolved so that it had no liability for Smith's current treatment. Smith countered that since it was the employer who was asserting that her medical problems had subsided, it was the burden of Mr. Sweeper to prove she had undergone a change in condition.

Rejecting Smith's argument, the ALJ noted that it was Smith who had the burden of proving her injury was compensable.[3] After considering the testimony and examining Smith's medical records, the ALJ found: "Even if the August 2, 1990, injury aggravated the employee's high blood pressure and migraine headaches, I find that any aggravation has resolved and that stress from various sources is the cause of the employee's hypertension and migraine headaches."[4] Having determined that Smith failed to sustain her burden of proof, the ALJ denied Smith's claim for continued medical treatment. After observing that the employee bore the burden of proof "to show the relatedness of her hypertension and headaches," the appellate division adopted the award as its own. The superior court affirmed, and Smith was granted permission to pursue this discretionary appeal.

1. Smith contends that the superior court committed legal error in affirming an award that incorrectly assigned the burden of proof to her rather than to her employer. Relying upon OCGA § 34-9-105 (c) (5), she claims that the award must be set aside because it is contrary

---

[1] Smith serves as the president of Mr. Sweeper Stores, a family-owned business, and is majority owner.

[2] In 1996, the employer filed a notice to controvert Smith's effort to have her gallbladder surgery linked to the August 2, 1990 work-related automobile accident.

[3] See *Holt Svc. Co. v. Modlin*, 163 Ga. App. 283, 285 (1) (293 SE2d 741) (1982).

[4] Medical records indicate that Smith's problems with hypertension existed in 1985 and that her difficulties with chronic headaches dated back to 1988.

to law.[5] While conceding that she had the initial burden of proving that her injury was compensable, Smith contends that the burden shifted to her employer to show that continued treatment was not related to the original accident. Smith argues that since an employer has the burden of proof in claims relating to an intervening cause of disability, then logically, an employer should shoulder the burden of proof when the employer wishes to discontinue a course of treatment being provided by authorized physicians.

As a general rule, the claimant bears the initial burden of proof in workers' compensation cases.[6] When medical services are sought, then the claimant must prove that those services are directly related to a work-related injury.[7] This tenet embodies the basic principle that "[t]he burden of proof generally lies upon the party asserting or affirming a fact and to the existence of whose case or defense the proof of such fact is essential."[8]

Here the parties, without an award, agreed that the initially requested medical services were compensable as an aggravation of a preexisting injury, and the employer so paid for seven years. After seven years the employer deemed that the aggravation was resolved and refused to pay for further medical services on the grounds they were unrelated to the work-related accident. Smith as employee then requested a hearing and as the requestor bore the burden of proof.[9] Smith had to prove that her ongoing health problems with high blood pressure and migraine headaches related directly to her August 1990 automobile accident.[10]

This is consistent with Workers' Compensation Rule 205 (3) (c),[11] which provides:

> If medical treatment is controverted on the ground that the treatment is not reasonably necessary, the burden of proof shall be on the employer. If the treatment is controverted on

[5] See *Williams v. Crompton Highland Mills*, 190 Ga. App. 621, 625 (3) (379 SE2d 622) (1989).

[6] *Argonaut Ins. Co. v. King*, 127 Ga. App. 566, 567 (1) (194 SE2d 282) (1972).

[7] *Berry College v. Storey*, 199 Ga. App. 298, 299-300 (2) (404 SE2d 640) (1991).

[8] OCGA § 24-4-1.

[9] Cf. *Holt Svc. Co.*, supra, 163 Ga. App. at 285-286 (1); see generally OCGA § 34-9-203 (c) (imposing penalty for not paying valid medical services claim).

[10] Under OCGA § 34-9-1 (4), as amended in 1994, the definition of a compensable "injury" encompasses the aggravation of a preexisting condition, "but only for so long as the aggravation of the preexisting condition continues to be the cause of the disability." This codification does not appear to have changed then-existing law. See *Leatherby Ins. Co. v. Hubbard*, 142 Ga. App. 476 (236 SE2d 168) (1977) (when temporary aggravation of a preexisting condition has resolved, it cannot form the basis for subsequent claim on an underlying condition).

[11] Rule 205 (3) (c), Rules & Regulations of the State Board of Workers' Compensation, Vol. 26 OCGA Appendix.

the grounds that the treatment is either not authorized or is unrelated to the compensable injury, the burden of proof shall be upon the employee.[12]

It is undisputed that Smith requested an administrative hearing on the issue of her entitlement to continued payment for medical services. Since liability for the medical treatment was being disputed on the basis that it was not related to the 1990 automobile accident, Smith, not her employer, had the burden of proof.

Despite Smith's efforts to transform the underlying action into a "change in condition" case, she cannot do so.[13] A claimant cannot have a "change in condition" unless there has been a previous award or an agreement approved by the Board granting compensation.[14] Here, there was neither an award nor an agreement approved by the Board. On the contrary, the central issue was Smith's entitlement to continue receiving medical services.[15] Smith cites no applicable authority and we know of none that imposes the burden of proof on the employer in these circumstances.[16]

The interpretation of a statute by the agency charged with enforcing or administering its provisions is to be given great weight and deference,[17] unless contrary to law.[18] We hold that the superior court did not err in affirming the Workers' Compensation Board's interpretation of the statute to allocate the burden of proof to the employee in these circumstances.

2. Smith asserts that the award of the Board as affirmed by the superior court violates her due process rights. She argues that had her employer filed a Board Form WC-14 and requested a hearing on a change in condition, then her employer would have had the burden of proof. Smith complains that it is fundamentally unfair to shift the burden of proof to her solely on the basis that her employer filed a Board Form WC-3, instead of a WC-14 document. We disagree.

It is undisputed that Smith moved for the administrative hear-

---

[12] Id.

[13] See OCGA § 34-9-104 (a).

[14] *Paideia School v. Geiger*, 192 Ga. App. 723, 724 (2) (386 SE2d 381) (1989); see *Northbrook Property &c. Ins. Co. v. Babyak*, 186 Ga. App. 339, 341 (367 SE2d 567) (1988); *Williams v. Morrison Assurance Co.*, 138 Ga. App. 191, 195 (3) (225 SE2d 778) (1976).

[15] Compare *Ga. Pacific Corp. v. Wilson*, 225 Ga. App. 663, 664 (1) (484 SE2d 699) (1997) (when employer moves for hearing as to change in condition, employer has burden of proof since prior award continues as res judicata until new award entered).

[16] See *Wier v. Skyline Messenger Svc.*, 203 Ga. App. 673, 675 (2) (417 SE2d 693) (1992) (medical treatment for a compensable injury in a medical only claim is not subject to the change in condition statute).

[17] *Environmental Waste Reductions v. Legal Environmental Assistance Foundation*, 216 Ga. App. 699, 702 (2) (455 SE2d 393) (1995).

[18] OCGA § 34-9-105 (c) (5).

ing. As the party asserting that the ongoing medical treatment was, in fact, attributable to the August 2, 1990 automobile accident, Smith bore the burden of proof on that issue.[19]

Smith misperceives the applicability of due process concerns. "Due process safeguards only those interests in property 'that a person *has already acquired* in specific benefits.' [Cit.]"[20] Smith cites no authority and we know of none which endowed her with a vested property right to obtain continuing medical services for health problems determined to have been unattributable to her 1990 work-related injury.

Moreover, procedural due process requires that the State provide notice and an opportunity to be heard before depriving a person of a protected property interest.[21] Here, it is undisputed that Smith requested the hearing, received notice of it, and fully participated in the hearing.[22] Established procedures authorized Smith to file all relevant documents, affidavits, depositions, and all other evidence bearing on her health problems.[23] In addition, judicial review of the Board's decision was obviously available to her. In these circumstances, Smith did not establish the abrogation of a constitutionally protected right.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED JANUARY 30, 2001 — ▮▮▮▮▮▮▮▮

*Clements & Sweet, John F. Sweet,* for appellant.
*Drew, Eckl & Farnham, David A. Smith,* for appellees.

---

[19] See *Copeland v. Continental Kewitt,* 218 Ga. App. 305, 306 (3) (461 SE2d 277) (1995) (claimant in workers' compensation proceedings has burden of proof to show the injury is compensable); *Holt Svc. Co.,* supra, 163 Ga. App. at 285 (1).

[20] (Emphasis in original.) *K-Mart Apparel Corp. v. Temples,* 260 Ga. 871, 872 (1) (401 SE2d 5) (1991).

[21] Id.

[22] See *Scott v. Tremco, Inc.,* 199 Ga. App. 606, 608 (1) (405 SE2d 347) (1991).

[23] See *Subsequent Injury Trust Fund v. James,* 261 Ga. 548, 549 (406 SE2d 77) (1991).