A10A0008, A10A0009. SELECTIVE HR SOLUTIONS, INC. et al.
v. MULLIGAN (two cases).
(699 SE2d 119)

MILLER, Chief Judge.

Maria Mulligan brought a workers' compensation claim against her employer, Selective HR Services, Inc. d/b/a Econo Auto Painting and insurer/self-insurer Selective Insurance Company of the South-

---

east ("Selective") for a re-injury to her back she sustained at home. We granted Mulligan's application for discretionary review of the trial court's order insofar as it held that her re-injury was not a compensable "change in condition" within the meaning of the workers' compensation laws. We had previously granted Selective's application for discretionary review of that portion of the order in which the trial court nonetheless required Selective to compensate Mulligan for the cost of surgery performed incident to such injury, finding that Selective violated Rule 205 of the State Board of Workers' Compensation (the "Board"). Inasmuch as our grants of discretionary review arise from the same order, we have consolidated them for disposition on appeal.

In Case No. A10A0008, Selective appeals, contending that the superior court erred in interpreting Rule 205 as providing that an employer's failure to respond to an authorized treating physician's ("ATP") request for advance authorization for treatment or testing within five business days triggers automatic approval of the same. In Case No. A10A0009, Mulligan contends that the superior court erred in finding that she failed to prove a change of condition for the worse and that her condition resulted from a subsequent, intervening traumatic injury.

Finding that the superior court did not err in concluding that Mulligan failed to prove a change of condition for the worse upon a re-injury sustained at home, but that its interpretation of Rule 205 was erroneous, we affirm in part and reverse in part.

We review questions of law in a workers' compensation appeal de novo upon a plain legal error standard of review. See, respectively, *Tommy Nobis Center v. Barfield*, 187 Ga. App. 394, 395 (1) (370 SE2d 517) (1988); *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000). We view the evidence in such an appeal in the light most favorable to the party prevailing before the Board. See *Dallas v. Flying J, Inc.*, 279 Ga. App. 786, 787 (632 SE2d 389) (2006). The Board's findings, if supported by any evidence, are conclusive and binding. See id.

So viewed, the evidence shows that Mulligan injured her back in September 2005 while at her place of employment. She received treatment, and, in July 2006, had recovered sufficiently to return to work. In May 2007, Mulligan re-injured her back in a fall at home and went to Dr. Navin Taneja, a private primary care physician, complaining of foot and back pain, explaining that she had fallen through her floor. Mulligan then sought a second opinion of Dr. Todd Kinnebrew, an orthopedist, complaining of low back pain which had developed gradually over several months. Rather than submitting the bill for this treatment to Selective, Mulligan submitted the same to her husband's group insurance. In August 2007, Mulligan saw Dr.

Cavan Woods whose records show that Mulligan reported that the symptoms of her 2005 injury had totally gone away until recurring "for whatever reason" two months ago. On June 28, 2007, Mulligan returned to Dr. Daxes M. Banit, the ATP who had treated her 2005 back injury. On October 26, 2007, after treating Mulligan for pain, ordering an MRI, and consulting with his patient, Dr. Banit concluded that another lumbar surgery was necessary and sent Board Form WC-205 to Selective, Mulligan's insurer, requesting advanced authorization to proceed pursuant to Rule 205. On December 7, 2007, Selective faxed a note to Dr. Banit stating that it would not authorize the procedure, and, on December 11, 2007, returned Form WC-205 refusing to authorize surgery absent a second opinion. Three days later, Dr. Banit operated.

On June 16, 2008, an administrative law judge ("ALJ") denied Mulligan's claim for additional benefits, finding that she had neither shown a change in condition as to her September 2005 injury or that her December 2007 surgery was compensable. The Board affirmed the findings of the ALJ on September 24, 2008. On January 9, 2009, the superior court affirmed the awards of the Board and the ALJ denying Mulligan's change of condition claim, but reversed such awards insofar as they denied her claim for medical treatment pursuant to Rule 205. The instant litigation followed.

### Case No. A10A0008

1. Selective contends that the superior court erred in interpreting Rule 205 as providing that an employer's failure to respond within five days to an ATP's request for advance authorization for treatment automatically triggers a right to payment for medical care whether or not the underlying injury is work-related. We agree.

In relevant part, Rule 205 provides:

. . .

(b) (1) Medical treatment/tests prescribed by an authorized treating physician shall be paid, in accordance with the Act, where the treatment/tests are . . . (a) [r]elated to the on the job injury. . . .

(3) (a) An authorized medical provider may request advance authorization for treatment or testing by completing Sections 1 and 2 of Board Form WC-205 and faxing or emailing same to the insurer/self-insurer. *The insurer/self-insurer shall respond by completing Section 3 of the WC-205 within five (5) business days of receipt of this form.* The insurer/self-insurer's response shall be by facsimile trans-

mission or email to the requesting authorized medical provider. *If the insurer/self-insurer fails to respond to the WC-205 request within the five business day period, the treatment or testing stands pre-approved.*

(b) In the event the insurer/self-insurer furnish an initial written refusal to authorize the requested treatment or testing within the five business day period, then within 21 days of the initial receipt of the WC-205, the insurer/self-insurer shall either: (a) authorize the requested treatment or testing in writing; or (b) file with the Board a Form WC-3 controverting the treatment or testing indicating the specific grounds for the controversion. . . .

(4) Where the employer fails to comply with Rule 205 (b) (3), the employer *shall pay, in accordance with the Chapter, for the treatment/test requested.*

(Emphasis supplied.)

Pointing to the express language of Rule 205 (b) (3) and (b) (4), as above, Mulligan argues that Selective's failure to timely respond to her request for treatment "demands a finding that the medical treatment . . . was expressly authorized." In response, Selective argues that such language must be read in conjunction with OCGA § 34-9-200 (a) and Rule 205 (b) (1), which specifically provide that an employee is entitled to medical benefits only when related to an "on the job injury." At issue is the Board's rule-making authority.

The State Board of Workers' Compensation is an administrative commission, with such jurisdiction, powers, and authority as may be conferred upon it by the General Assembly. The Board is a creature of the statute, and has no inherent powers and no lawful right to act except as directed by the statute. It may exercise its rule-making powers under and within the law, but not outside of the law or in a manner inconsistent with the law. Although [OCGA § 34-9-60 (a)] grants to the Board the power to "make rules, not inconsistent with this [chapter], for carrying out the provisions of this [chapter]," *Board rules so promulgated may not enlarge, reduce, or otherwise affect the substantive rights of the parties. The rule-making powers of the Board are confined and limited to procedural and administrative matters.*

(Citations and punctuation omitted; emphasis supplied.) *Holt Svc. Co. v. Modlin*, 163 Ga. App. 283, 284-285 (1) (293 SE2d 741) (1982). The claimant in a workers' compensation case has the burden of

proof to show that his or her injury is compensable. *Commercial Union Assn. v. Couch*, 143 Ga. App. 64 (1) (237 SE2d 528) (1977). Since the Board's power is limited to making rules which are administrative or procedural, we must decide whether a rule altering the burden of proof as to compensability in favor of the claimant is procedural or substantive. In this regard, a rule the effect of which is to shift the burden of proof is substantive as affecting the issue to be decided. *Dick v. New York Life Ins. Co.*, 359 U. S. 437, 446 (79 SC 921, 3 LE2d 935) (1959).

Rule 205, on its face, establishes a rebuttable presumption of compensability in favor of the claimant upon an ATP's request for advance authorization to provide medical care in that the injury is presumed compensable unless the insurer denies authorization and controverts the treatment. With the employer/self-insurer's failure to timely respond, a conclusive presumption of compensability results. In both instances, the effect of Rule 205 is to shift the burden the claimant would otherwise bear to show the injury is compensable as work-related. *Commercial Union Assn.*, 143 Ga. App. at 64 (1). We conclude, therefore, that insofar as that aspect of Rule 205 precluding an employer from contesting the compensability of treatment is in issue,[1] Rule 205 is invalid as substantive rule-making which impermissibly shifts the claimant's burden of proof to show that an injury is work-related and invades the province of the legislature.

Under these circumstances, the trial court's order interpreting Rule 205 is contrary to law and must be reversed. *Barfield*, supra, 187 Ga. App. at 395 (1); *Suarez*, supra, 246 Ga. App. at 824 (1).

### Case No. A10A0009

2. Mulligan contends that the superior court erred in finding that she failed to prove a work-related change of condition for the worse and that her condition resulted from a subsequent, intervening traumatic injury. Specifically, Mulligan argues that the superior court erred in denying her claim based on the hearsay testimony of her supervisor, Tim Pinion, who testified that he had received a telephone call from Mulligan's husband in which the husband described Mulligan's re-injury as the result of a fall at home. Apart from the fact that the complained of hearsay appears to have been admitted without objection below resulting in waiver on appeal (*Sirmans v. State*, 301 Ga. App. 756, 759 (3) (688 SE2d 669) (2009)

---

[1] The Board may assess civil penalties and attorney fees for failure to timely respond to a request for preauthorization to provide medical care under Rule 205 where compensability of treatment is not in issue. OCGA § 34-9-18 (a); *Caremore, Inc./Wooddale Nursing Home v. Hollis*, 283 Ga. App. 681, 683 (1) (642 SE2d 375) (2007).

(failure to object to hearsay at trial waives the issue on appeal)), the record is replete with other evidence upon which any reasonable trier of fact could have determined that an at-home fall caused the injury.

It is well settled that

[i]n reviewing an award by the full board denying compensation, this [C]ourt must accept that evidence most favorable to the employer. Since the award is in favor of the [employer], the claimant cannot cause it to be set aside if there is *any evidence* to support it. Before the claimant can cause the award to be reversed and set aside, a finding for compensation must be demanded by the evidence.

(Citation and punctuation omitted; emphasis supplied.) *Garrett v. Employers Mut. Liability Ins. Co.*, 105 Ga. App. 308, 311 (1) (124 SE2d 450) (1962).

So viewed, the record shows that Mulligan was discharged as a patient as to her original 2005 injury on July 18, 2006, reporting to her treating physician that there were "[n]o new major problems and that she was "[d]oing much better"; on May 15, 2007, Mulligan sought treatment for an at-home injury from a private physician to whom she described the cause of her injury as a fall through the floor of her home; Mulligan deposed that she told Pinion she injured her ankle after a fall at home and submitted her medical bills following the accident to her husband's private group insurer and did not submit these to Selective or Selective's workers' compensation carrier; in August 2007, Mulligan reported that the symptoms associated with her original injury "totally went away until approximately two months ago and for whatever reason, the pain did restart[ ]"; Mulligan completed a medical questionnaire in which she likewise indicated that the renewed pain in her back started in June 2007; and there is otherwise no evidence of record indicating that Mulligan's renewed back pain occurred as a result of work activities.

The rulings below are supported by evidence and entitled to deference on appeal. Id. Therefore, Mulligan's evidentiary challenges to the unanimous "no change of condition" findings below are without merit.

*Judgments affirmed in Case No. A10A0009 and reversed in Case No. A10A0008. Phipps, P. J., and Johnson, J., concur.*

DECIDED JULY 12, 2010 — 

Workers' compensation. Bibb Superior Court. Before Judge Self.
*Gray, Rust, St. Amand, Moffett & Brieske, James T. Brieske*, for appellants.

*Westmoreland, Patterson, Moseley & Hinson, Thomas W. Herman*, for appellee.

*Thomas M. Finn*, amicus curiae.