## MARY W. COOK et al. v. J. L. SENIOR.

### No. 101.

1. LEGISLATOR—*Exempt from Civil Process.* The words, "neither shall he be subject to the service of any civil process during the session," as used in section 22 of article 2 of the constitution of the state of Kansas, must be construed to mean any session of either branch of the legislature which is required to be held by the provisions of the constitution, and the session of the senate, while trying an impeachment, is such a session.

2. —— *Service Does not Give Jurisdiction.* Members of the legislature are not liable or subject to the service of civil process during the periods excepted by section 22, article 2, of the constitution of the state of Kansas, and the service of original process upon them at such times is void, and gives the court no jurisdiction over the person of such member.

MEMORANDUM.—Error from Coffey district court; CHARLES B. GRAVES, judge. Action by J. L. Senior against Mary W. Cook, and L. H. Scott, as sheriff of Coffey county, Kansas, to enjoin proceedings under an execution. Judgment for plaintiff. Defendants bring the case to this court. Affirmed. The opinion herein, filed May 8, 1896, states the material facts.

*W. A. S. Bird*, for plaintiffs in error.

*E. J. Crego*, and *J. G. Egan*, for defendant in error.

The opinion of the court was delivered by

DENNISON, J. : This is an action brought in the district court of Coffey county, Kansas, by J. L. Senior, as plaintiff, against Mary W. Cook, and L. H. Scott, as sheriff of Coffey county, Kansas, to enjoin them from proceeding with the enforcement of an execution then in the hands of said sheriff. The judgment upon which the execution was issued was originally obtained in justice's court in Shawnee county, and an abstract of said judgment was filed with the clerk of the district court of Shawnee county, Kansas, and the execution was issued to L. H. Scott, sheriff of Coffey county, Kansas.

About one week prior to the commencement of the action before the justice of the peace, one Doctor Keizer, the agent of Mary W. Cook, presented to Senior a bill for damages to house, etc., in the sum of $10.65, and judgment was rendered upon default for $200 and costs. The summons was regular, but the copy served upon Senior failed to state the amount for which judgment would be taken if he failed to appear. The district court made the following findings of fact, which are not questioned by plaintiffs in error :

### "FINDINGS OF FACT.

"First, that at the time said J. L. Senior was served with summons in the action for damages begun by said plaintiff, Mary W. Cook, before J. B. Furry, justice of the peace in and for the city of Topeka, Shawnee county, Kansas, and at and during all the time of said proceedings before said justice, J. B. Furry, as set forth in plaintiff's petition herein, said J. L. Senior was the duly elected, qualified and acting

state senator of the fifteenth senatorial district of the
state of Kansas.

"Second, that at and during said time the senate
of the state of Kansas was sitting as a high court of
impeachment under and by virtue of the laws of the
state of Kansas, in the city of Topeka, Kas., for the
purpose of trying Judge Theodosius Botkin upon
charges preferred against him by the house of repre-
sentatives of the state of Kansas.

"Third, that said J. L. Senior was at and during
said time sitting as a member of said court of impeach-
ment, for which purpose he was then absent from the
county of his residence, and in the city of Topeka,
Shawnee county, Kansas."

Upon these findings of fact the court made the fol-
lowing conclusions of law, to which the plaintiffs in
error object :

"CONCLUSIONS OF LAW.

"First, that at the time the senate of the state of
Kansas was sitting as said court of impeachment, as
aforesaid, it was a branch of the legislature of the
state of Kansas, and its members were members there-
of, and were fully entitled to the immunity from sub-
jection to the service of any civil process during the
continuance of its session extended to members of
the legislature by section 22 of article 2 of the con-
stitution of the state of Kansas.

"Second, that the words in said section, '*shall not
be subject to the service of any civil process,*' extend to
members of the legislature not merely a *personal priv-
ilege* to be waived unless claimed, but *absolute immu-
nity* from subjection to the civil jurisdiction of a court
during the continuance of their necessary attendance
upon the sessions of either house of the legislature.

"Third, that said judgment rendered by said Jus-
tice Furry was therefore rendered without jurisdiction
over the said J. L. Senior.

"Fourth, being rendered without jurisdiction, it
was void.

"Fifth, said judgment being void, this action, which

is brought for the purpose of perpetually enjoining the execution of the same, is a proper remedy.''

This injunction was granted as prayed for, and the defendants below bring the case here for review.

Section 22 of article 2 of the constitution of the state of Kansas reads as follows :

'' For any speech or debate in either house the members shall not be questioned elsewhere. No member of the legislature shall be subject to arrest—except for felony or breach of the peace—in going to, or returning from, the place of meeting during the continuance of the session ; neither shall he be subject to the service of civil process during the session, nor for 15 days previous to its commencement.''

One of the questions presented to us is whether this section applies to members of the senate while in session as a court of impeachment. The members of the legislature are elected by the people to perform the duties required of them under the constitution. One of the duties required of the senate is defined in section 27 of article 2 of the state constitution, which reads as follows :

'' The house of representatives shall have the sole power to impeach. All impeachments shall be tried by the senate ; and when sitting for that purpose, the senators shall take an oath to do justice according to the law and the evidence. No person shall be convicted without the concurrence of two-thirds of the senators elected.''

All impeachments shall be tried by the senate — not by the individual members thereof, but by the senate. It must be in session as a senate — as one of the constitutional branches of the legislature. The public have the same right to the services of each individual member of the senate during its session as a court of impeachment as during its legislative session.

It is not claimed that the senate was not legally in session as a court of impeachment, but the contention is that the legislature having adjourned *sine die* on March 13, 1891, no such session of the senate was being held as is contemplated by said section 22. This contention is not good. The provisions of section 22 extend to any sessions of either branch of the legislature while such branch is in session for the purpose of performing any of the duties required of it by the constitution. The words, "neither shall he [a senator] be subject to the service of any civil process during the session," must be construed to mean any session of the senate which is by the provisions of the constitution required to be held.

The other contention of the plaintiffs in error is that the provision of section 22 is a personal privilege that must be exercised by the legislator, or may be waived by him. If the framers of our constitution had desired to extend a personal privilege to the legislator they might have done so, but by this section they were evidently guarding the interests of the public, and they have said that a member of the legislature is not *subject* to the service of civil process during the session. The fact that the usual words, "privileged from," were not used, and the words "subject to" were used, would indicate that it was not the intention to grant a personal privilege to the member, or that the usual interpretation of the words "privileged from" should be applied. The use of the words "subject to" means that the member is not *liable to* the service of civil process. To construe our constitution differently would be to defeat its apparent object. The state is clearly entitled to the services of its members of the legislature during the time sessions of either branch thereof are being held. Our

constitution has wisely provided that the members shall not be annoyed with arrests or suits, or be obliged to be absent from their duties. If the contention of the plaintiffs in error is correct, suits might be brought against a member in courts as far away from the capitol as service could be obtained, and require him to be absent from his duties in going to the different courts to claim his personal privileges. We do not think this is the correct interpretation. The interests of the public are better served by giving the language of our constitution its fair, natural meaning ; that is, that a member of the legislature is not liable or subject to the service of civil process during the excepted period, and that the service of original process upon him at such time is void, and gives the court no jurisdiction over the person of such member. The court being without jurisdiction of the person of Senior, the judgment is void. This action brings this case clearly within the rule laid down in *Chambers v. Bridge Manufactory*, 16 Kan. 270. It is there held that "an action may be maintained to perpetually enjoin the enforcement of a void judgment when such judgment appears to be valid and regular upon its face." There is no error in the conclusions of law reached by the court below.

The judgment of the district court is affirmed.

All the Judges concurring.