■ In the Matter of the Claim of FRANK LEWIS, Respondent, v. NEW YORK DAILY NEWS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed January 17, 1973, in which it was found that the carrier failed to raise the issue of notice at the first hearing at which all parties were present and at which claimant testified. Although claimant did not provide his employer with notice of his injury within the statutory period, the board had a right to conclude that employer and carrier be deemed to have waived such notice under

section 18 of the Workmen's Compensation Law since at the hearing of May 1, 1972, which was the first hearing at which claimant testified, an objection was not raised to the failure to give such notice (*Matter of Tivey* v. *Van Son Holland Ink Corp. of Amer.*, 40 A D 2d 746), nor was there any statement at said hearing that notice was to be an issue. Appellants' contention that the entire series of hearings from first to last should be treated as one, thus indicating section 18 compliance, is meritless, since, to accept it, would do violence to the plain language of the statute which in clear and unambiguous terms specifies a point in the hearings at which the objection to lack of notice is to be raised. Appellants' reliance on *Matter of Jocher* v. *Piel Bros.* (13 A D 2d 580) is misplaced since, there, all parties were fully aware that notice was at issue, at the first hearing at which claimant testified he was cross-examined on that issue without objection, and at that hearing the Referee noted that notice was one of the issues. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Staley, Jr., Cooke, Main and Reynolds, JJ., concur.