■ In the Matter of the Claim of ALICE C. GILL, Respondent, v WOODCREST NURSING HOME et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from decisions of the Workmen's Compensation Board, filed May 1, 1974, January 30, 1975 and April 15, 1976, which awarded benefits to the claimant. The claimant filed a claim for compensation on April 28, 1971 which alleged that she had sustained "a myocardial infarct and cardiac insufficiency" on July 31, 1970. The claimant testified that on July 31, 1970 she went to work at 3:00 P.M. as a nurse and while assisting a large male patient whose legs were paralyzed get into a chair, she suffered chest pains. A supervisor of claimant recognized that she needed medical attention and took her to a hospital. She came under the care of a Dr. Kelley who testified that her work caused a myocardial insufficiency causing heart muscle damage which reduced her cardiac reserve. The appellants' contention that the record lacks substantial evidence to support a finding of a causally related disability is without any merit. The record contains questions of fact for the board both as to the work effort of the claimant and the medical evidence. The appellants in response to the claimant's claim for benefits filed a notice of controversy dated May 11, 1974 which did not specify that the claimant had failed to give the 30 days written notice of injury as required by section 18 of the Workmen's Compensation Law. Section 18 provides that the requirement of timely notice is "deemed" waived unless an objection based thereon is raised "on the first hearing of the claim * * * at which all parties in interest are present, or represented, and at which the claimant * * * testifies." The representative of the appellants did equivocally assert that notice was in issue at the first hearing in this case; however, at the hearing where the claimant first testified, the issue of notice was not raised and at the hearing held immediately before that the carrier's representative had stated that the only issues were those specified in the notice of controversy. The board found that the appellants had waived the issue of notice by a failure to raise it at the first hearing where the claimant testified and that holding is not erroneous on this record. The contention of the appellants that they had substantially complied with section 18 as was done in the case of *Matter of Jocher v Piel Bros.* (13 AD2d 580) is without merit (see *Matter of Lewis v New York Daily News,* 43 AD2d 607). Decisions affirmed, with costs to the Workmen's Compensation Board. Greenblott, J. P., Sweeney, Main, Larkin and Herlihy, JJ., concur.