CHARLES GRAGG, EMPLOYEE-PLAINTIFF v. W. M. HARRIS & SON, EMPLOYER, INSURANCE COMPANY OF NORTH AMERICA, CARRIER, DEFENDANTS

No. 8110IC233

(Filed 17 November 1981)

**Master and Servant § 85— workers' compensation—time limitation of G.S. 97-47— a non-jurisdictional limit**

> The time limitation in G.S. 97-47 is a non-jurisdictional limit, unlike that of G.S. 97-58(c) and G.S. 97-24, and is a technical, legal defense. If the time limitation of G.S. 97-47 is to be available as a defense to claims based upon a change of condition, such defense must be asserted prior to hearing on the merits, and if not so asserted it must be deemed to have been waived. Therefore, where plaintiff requested a hearing before the Industrial Commission on 28 October 1977 and a hearing was conducted on 24 August 1978 but was continued at defendant's request, defendant's assertion of the time limitation as a defense on 8 January 1979 was not timely.

APPEAL by plaintiff from the North Carolina Industrial Commission. Opinion and Award of Full Commission filed 16 December 1980. Heard in the Court of Appeals 14 October 1981.

Plaintiff's claim for additional workers' compensation due to a change of condition was denied by Deputy Commissioner Delbridge. The Full Commission affirmed and adopted the Deputy Commissioner's findings of fact and conclusions of law, that plaintiff's claim was barred under G.S. 97-47. From this opinion and award, plaintiff appeals.

*Williams, Willeford, Boger, Grady & Davis, by Samuel F. Davis, Jr., for plaintiff-appellant.*

*Brown, Brown & Brown, by Fred Stokes, for defendant-appellee.*

WELLS, Judge.

The issue we decide in this appeal is whether the insurance carrier waived the time limitation defense of G.S. 97-47[1] by not

___

1. G.S. 97-47. Change of condition; modification of award.—Upon its own motion or upon the application of any party in interest on the grounds of a change in condition, the Industrial Commission may review any award, and on such review may make an award ending, diminishing, or increasing the compensation previously

raising it until after the first evidentiary hearing on plaintiff's claim.

In reviewing an award of the Industrial Commission, this Court's scope of review is limited to: (1) whether the Commissioner's findings are supported by any competent evidence, and (2) whether the Commissioner's findings justify its legal conclusions. *Perry v. Furniture Co.*, 296 N.C. 88, 249 S.E. 2d 397 (1978), *Inscoe v. Industries, Inc.*, 292 N.C. 210, 232 S.E. 2d 449 (1977).

Plaintiff's initial injury occurred on 16 September 1974, when he fell off of a roof while working as a carpenter. The injury produced pain in plaintiff's right ankle, right elbow, neck, and knees though no bones were broken. Defendant admitted liability, and plaintiff received temporary total disability compensation for his two-week loss of work immediately following the accident. Form 28B and the final draft were sent by the carrier to plaintiff on approximately 16 October 1974, and the draft was negotiated 28 October 1974. On approximately 8 September 1976, plaintiff notified his employer and the carrier that he was being hospitalized for a hip operation. The carrier's agent told the plaintiff that she would prepare the necessary papers for him to sign. Plaintiff signed and returned these papers before he was hospitalized on 14 September 1976. The hospital submitted Form 25H to the carrier on 12 October 1976. In December of 1976, the carrier informed plaintiff that coverage was being denied because his hip problems "did not result from an accident arising out of and in the course of your employment." In response, on 28 October 1977, plaintiff requested a hearing before the Industrial Commission, and a hearing was conducted by Deputy Commissioner Delbridge on 24 August 1978. Because one of defendant's medical witnesses was unable to be present at that hearing, Deputy Commissioner Delbridge continued the hearing at defendants' request. On 8 January 1979, plaintiffs were notified that defendants were asserting the time limitation as a defense. The second hearing was continued several times, and was finally held on 13 August 1979. At the hearing on 24 August 1978, the only issue raised by defend-

awarded, subject to the maximum or minimum provided in this Article. . . . No such review shall affect such award as regards any moneys paid but no such review shall be made after two years from the date of the last payment of compensation pursuant to an award under this Article. . . .

ants was the causal link between plaintiff's initial compensable injury and his subseqent hip operation.

In his order dated 30 November 1979, Deputy Commissioner Delbridge found as a fact that plaintiff's hospital filed Form 25H with the carrier, rather than the Industrial Commission, on 12 October 1976. He concluded as a matter of law that filing Form 25H did not constitute a claim for a change of condition on behalf of plaintiff, and therefore plaintiff's claim was filed more than two years after the date of his last payment of compensation.

Deputy Commissioner Delbridge also made a finding of fact that defendants raised the bar of the statutory limitation on 8 January 1979, and concluded that this was a timely pleading of the defense.

G.S. 97-47, which concerns a change of condition and modification of award, contains the proviso that "[n]o such review shall be made after two years from the date of the last payment of compensation. . . ." This restriction has been construed to be a statute of limitations, rather than a jurisdictional bar. *Ammons v. Sneeden's Sons, Inc.*, 257 N.C. 785, 127 S.E. 2d 575 (1962), *Watkins v. Motor Lines*, 10 N.C. App. 486, 179 S.E. 2d 130 (1971), *rev'd. on other grounds*, 279 N.C. 132, 181 S.E. 2d 588 (1971). This distinguishes G.S. 97-47 from G.S. 97-58(c) and G.S. 97-24, other time limitations of the Workers' Compensation Act, G.S. 97-1 *et seq.*, compliance with each of which has been construed to be a condition precedent to jurisdiction of the Industrial Commission over the claim. *Pennington v. Flame Refractories, Inc.*, 53 N.C. App. 584, 281 S.E. 2d 463 (1981), *Poythress v. Stevens and Co., Inc.*, 54 N.C. App. 376, (No. 8110IC222, filed 3 November 1981). *Clark v. Ice Cream Co.*, 261 N.C. 234, 134 S.E. 2d 354 (1963), *McCrater v. Engineering Corp.*, 248 N.C. 707, 104 S.E. 2d 858 (1958). Jurisdiction may be raised by any of the parties or the Commission *ex mero motu* at any time during the course of the proceeding. *Clark v. Ice Cream Co.*, supra, *McCrater v. Engineering Corp.*, supra. 12 Schneider *Workmens Compensation Text*, Limitations and Notice, § 2375.

Under general principles of civil procedure, however, the statute of limitations is a technical defense, and must be timely pleaded or it is deemed waived. 8 Strong's N.C. Index 3d, Limitation of Actions, § 16, 54 C.J.S. Limitations of Actions, § 354, *Over-*

*ton v. Overton*, 259 N.C. 31, 129 S.E. 2d 593 (1963), *see* G.S. 1A-1, Rule 12(b). We see no reason why this same rule should not apply to cases arising under G.S. 97-47.

In jurisdictions where the employer has a statutory duty to raise the affirmative defense of the statute of limitations at the first hearing at which all parties are present and on notice, failure to so assert the bar at that time constitutes a waiver of the employer's defense. *Petrov v. Jaff Bros. Woodworks, Inc.*, 65 A.D. 2d 833, 409 N.Y.S. 2d 829 (1978), *Gill v. Woodcrest Nursing Home*, 56 A.D. 2d 700, 391 N.Y.S. 2d 754 (1977), *Patton v. Refrigerated Transport Co., Inc.*, 149 Ga. App. 302, 254 S.E. 2d 391 (1979), *Perry v. Robbins & Son Roofing Co.*, Fla., 145 So. 2d 225 (1962), *reh. denied* (1962). Similarly, the federal Longshoremen's and Harbor Workers' Compensation Act, 33 U.S. C.A. § 901 *et seq.*, requires the employer to raise the defense at the first hearing at which all the parties are present with notice. 33 U.S. C.A. § 913(b). Again, if the bar of the time limitation is not affirmatively pleaded at that time, it is deemed waived. *Feeney v. Willard*, 129 F. Supp. 414 (S.D. N.Y. 1955), *Grain Handling Co. v. McManigal*, 30 F. Supp. 974 (W.D. N.Y. 1940).

Other jurisdictions have held that the defense is inoperative if brought up initially on appeal. *Safeway Stores, Inc. v. Workers' Compensation Fund*, 3 Kan. App. 283, 593 P. 2d 1009 (1979), *Stange Co. v. Industrial Commission of Arizona*, 120 Az. 241 (App.), 585 P. 2d 261 (1978), *Kaiser Foundation Hospitals v. WCAB*, 83 Cal. App. 3d 413, 148 Cal. Rptr. 54 (1st Dist. 1978). *Paull v. Preston Theatres Corp.*, 63 Ida. 594, 124 P. 2d 562 (1942), Rich's Case, 301 Mass. 545, 17 N.E. 2d 903 (1938), *Bates v. Asbury Iron & Bridge Works*, 130 N.J.L. 394, 33 A. 2d 692 (1943). Schneider states the rule as follows:

> "Failure to assert or plead the bar of the limitation provisions of the act, both as to notice and claim, constitutes a waiver in those states wherein the timely notice and claim requirements are not jurisdictional. In such non-jurisdictional states the defense of limitation, in order to avoid waiver, must be made at the first opportunity or first hearing."

12 Schneider, supra, Limitations and Notice, § 2375, *see also* 3 Larson's *Workmen's Compensation Law*, §§ 78.70, 81.20; Horovitz, *Injury and Death Under Workmen's Compensation Laws*, p. 255,

Gragg v. Harris & Son

Mastoris, "The Statutes of Limitation in Workers' Compensation Proceedings," 15 Calif. Western L. Rev. 32-92, (1979); Blair, *Reference Guide to Workmen's Compensation Law,* § 18.00.

We have not found any cases from this State dealing directly with the question of what constitutes timely pleading of the time limitations set out in G.S. 97-47. We do find guidance, however, in the decision of our Supreme Court in *Watkins v. Motor Lines,* supra, which dealt with the question of whether defendants in that case were estopped to plead the G.S. 97-47 limitation. The court held that the law of estoppel may apply in certain Workers' Compensation cases so as to deny the defense of lapse of time. The Court noted that "the lapse of time, when properly pleaded, is a technical legal defense". *See also Willis v. Davis Industries,* 280 N.C. 709, 186 S.E. 2d 913 (1972). We note that in both *Watkins* and *Willis,* the defendants asserted the defense of the running of the two year period set out in G.S. 97-47 prior to hearing.

The time limitation in G.S. 97-47 is a non-jurisdictional limit, and is a technical, legal defense. Sound public policy and the fair, effective disposition of contested Workers' Compensation claims requires that if the time limitation of G.S. 97-47 is to be available as a defense to claims based upon a change of condition, such defense must be asserted prior to hearing on the merits, and if not so asserted, it must be deemed to have been waived.

Plaintiff has argued that the evidence in this case was sufficient to show that defendants should be estopped to assert the time limitation defense in this case and that Deputy Commissioner Delbridge erred in concluding as a matter of law to the contrary. While we find considerable merit in plaintiff's argument, we deem it unnecessary to reach that question.

The order of the Commission is reversed and the case is remanded for further hearing and decision on the merits of plaintiff's claim.

Reversed and remanded.

Judges MARTIN (Robert) and WEBB concur.