Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to receive further evidence or to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence AFFIRMS in part and MODIFIES in part the Opinion and Award of the Deputy Commissioner as follows:
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner and in a Pre-Trial Agreement dated January 31, 1994, as
STIPULATIONS
1. At the time of the injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. Defendant-employer was self-insured.
4. Plaintiff's average weekly wage was $199.08, yielding a compensation rate of $132.72.
5. On July 19, 1979, plaintiff sustained a compensable occupational disease, hepatitis B, while employed by defendant-employer.
6. Plaintiff's medical records, which were marked as Defendant's Exhibit 1, were stipulated into evidence.
7. Defendant-employer's records concerning the 1979 compensable occupational disease, which were marked as Defendant's Exhibit 2, were stipulated into evidence.
8. Industrial Commission Form 33 received by the Commission on February 26, 1993 and the attached handwritten statement by plaintiff, which were marked as Defendant's Exhibit 3, were stipulated into evidence.
9. The employee report of injury form dated September 19, 1992, which was marked as Defendant's Exhibit 4, was stipulated into evidence.
10. A packet of attendance records for plaintiff was stipulated into evidence.
The Full Commission takes judicial notice that the 1979 Industrial Commission file in this case has been destroyed.
******************
Based upon all of the competent evidence of record herein, the Full Commission adopts in part and modifies in part the findings of fact by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. At the time of the hearing in this matter, plaintiff was 48 years old. She began working for defendant-employer on March 26, 1974. At the time she contracted the compensable occupational disease of Hepatitis B on July 19, 1979, she was a developmental technician. At the time of the hearing in this matter, plaintiff continued to be employed by defendant-employer as a developmental supervisor.
2. At the time she contracted Hepatitis B, plaintiff was assigned to work in Maple Cottage at Caswell Center. Plaintiff's job required that she assist cottage residents in all activities of daily living including feeding, bathing, toileting, dressing; etc. On April 18, 1979, Caswell Center became aware that another health care employee from the cottage where plaintiff was assigned to work had been diagnosed with Hepatitis B. Subsequent blood test results on July 19, 1979 revealed that plaintiff and five residents of the cottage tested positive for Hepatitis B. Plaintiff contracted hepatitis from bites and scratches from infected patient-residents. Plaintiff continued to work until September 17, 1979 when her condition began to deteriorate. Plaintiff requested that she be placed on workers' compensation effective October 1, 1979. Plaintiff completed the "Employee Report of Injury" provided by Caswell Center on September 28, 1979 stating that she was exposed to Hepatitis B at work. This report was signed by plaintiff's supervisor Linda Loomer on September 28, 1979.
3. Plaintiff was treated by Dr. George West over the next two years. Defendant-employer paid plaintiff medical compensation, as well as temporary total disability compensation during the period she was out of work. On June 22, 1981, Dr. West set her next appointment to do tests in one year.
4. Defendant contends that plaintiff's claim is barred by N.C. Gen. Stat. § 97-24, although it stipulated to and has not appealed the Deputy Commissioner's conclusion that plaintiff contracted Hepatitis B, a compensable occupational disease, while employed by defendant on July 19, 1979. Defendant-employer's claim file, presumably containing Industrial Commission Forms 19, 21, and 28B, was not found by current Caswell personnel, and was believed to be destroyed. Defendant's records gleaned from personnel files (Stipulated Exhibit page 20 or 21) indicate that plaintiff was out of work on sick leave during the last two weeks of September and out on workers' compensation ("wc") leave from October 1, 1979 through October 31, 1979. No leave records were provided for the time period thereafter. Plaintiff testified that she was out of work for seven weeks, and that she received checks for workers' compensation benefits. As the law required that compensation be paid pursuant to an agreement approved by the Commission (i.e., N.C. Gen. Stat. §§ 97-17 and 97-82), the reasonable inference from the uncontroverted evidence is that defendant submitted and obtained approval of such an agreement, admitting liability within two years of the plaintiff's disability, obviating the need for plaintiff to file a claim with the Commission.
5. Plaintiff was released to return to work by Dr. George H. West as of November 12, 1979. He specifically stated in his release-to-work note that plaintiff needed further treatment for her chronic hepatitis. Dr. West completed an Industrial Commission "Certification of Treatment of Disability" (Form 25M) dated May 26, 1981 (Stipulated Exhibit 2, page 19). In light of the chronic and recurring nature of Hepatitis B and associated conditions, and the continuing need for medical attention during the subject period, it is unlikely that defendants prepared a final I.C. Form 28B. Defendants have failed to prove that an I.C. Form 28B was filed with the Commission and sent to the plaintiff alleging that the last benefits due had been paid.
6. At the time plaintiff was released to return to work her current condition could not have been diagnosed, as it occurred gradually as a direct and natural result of the disease process.
7. Plaintiff has not reached maximum medical improvement, and after 1979 continued to experience generalized fatigue and insomnia as a result of the hepatitis B.
8. In May, 1992, plaintiff was hospitalized for an unrelated physical condition. In tests done prior to surgery, her physician discovered that plaintiff has an enlarged spleen, cirrhosis of the liver and esophageal varices.
9. As the direct result of plaintiff's compensable occupational disease of hepatitis B, plaintiff has extensive damage to her liver and portal hypertension, which is increased pressure in the blood circulating through the liver which causes the veins along the lower esophagus to become enlarged (esophageal varices). Because of the damage to plaintiff's liver, she is at risk for rupture of the esophageal varices, development of a hepatoma, and reactivation of the hepatitis B, which has been in a dormant stage. Due to the substantial risk that her condition will decline, future medical treatment to monitor her condition is necessary.
10. As a result of the cirrhosis and portal hypertension, plaintiff no longer is able to work on shifts, since stress and fatigue can be harmful to her condition. She has missed some work, but there is insufficient evidence in the record from which to determine the number of days attributable to her liver condition.
11. Plaintiff's Hepatitis B and the resulting cirrhosis and portal hypertension will require further medical treatment and monitoring and affect her wage-earning capacity.
12. Even though the original Industrial Commission file was destroyed, based upon the evidence presented, the Industrial Commission has jurisdiction of this matter as an accepted claim.
13. Defendant-employer had reasonable grounds upon which to defend this claim.
******************
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff's cirrhosis and portal hypertension are causally related to the compensable occupational disease of Hepatitis B which plaintiff contracted due to exposure while employed by defendant-employer. N.C. Gen. Stat. § 97-52.
2. The Industrial Commission has jurisdiction over plaintiff's claim as an accepted claim, and N.C. Gen. Stat. § 97-24
is not a bar to plaintiff's claim.
3. Until a Form 28B, declaring that the last benefits due have been paid, has been filed with the Commission and sent to the plaintiff, the Commission may continue to receive evidence and modify, or add to a compensation award. Hill v. Hanes Corp.,79 N.C. App. 67, 75, 339 S.E.2d 1 (1986); I.C. Rule 501(5). Defendant bears the burden of proving that the non-jurisdictional limit of N.C. Gen. Stat. § 97-47 bars a claim for additional benefits.Gragg v. Harris Son, 54 N.C. App. 607, 611, 284 S.E.2d 183
(1981). Defendant-employer has failed to prove that N.C. Gen. Stat. § 97-47 bars plaintiff's current claim for compensation since there is no proof that a final I.C. Form 28B was filed with the Commission or sent to plaintiff with regard to her 1979 occupational disease. N.C. Gen. Stat. § 97-47.
4. Plaintiff is entitled to payment of all medical compensation expenses by defendant-employer as a result of her compensable occupational disease and the resulting cirrhosis, portal hypertension, and esophageal varices for so long as such examinations, evaluations, and treatments may reasonably be required to effect a cure, or give relief, and will tend to lessen plaintiff's period of disability. N.C. Gen. Stat. §§ 97-59; 97-2 (19); Smith v. American Efird Mills, 305 N.C. 507,513, 290 S.E.2d 634 (1982).
5. The issue of what amount of temporary total disability benefits and permanent partial disability benefits are owed to plaintiff shall be reserved for subsequent determination.
6. Defendant-employer had reasonable grounds upon which to defend this claim as the issue of jurisdiction can be raised at any time.
******************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Defendant-employer shall pay all medical expenses incurred, or to be incurred, by plaintiff as the result of her compensable occupational disease and the resulting liver condition, for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, or give relief, and will tend to lessen plaintiff's period of disability, when bills for the same have been submitted to defendant-employer and approved through procedures adopted by the Commission.
2. Defendant-employer shall pay the costs due this Commission.
******************
ORDER
IT IS HEREBY ORDERED that:
1. The issue of plaintiff's entitlement to temporary total disability and permanent partial disability compensation shall be reserved for subsequent determination.
2. Plaintiff's claim for attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1 is DENIED. The Deputy Commissioner's award of an attorney's fee under this section is VACATED.
 S/ ___________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ___________________________ J. RANDOLPH WARD COMMISSIONER
S/ ___________________________ COY M. VANCE COMMISSIONER
BSB:md