The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Jones and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioners Opinion and Award and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties are bound by and subject to the North Carolina Workers Compensation Act.
2. At all relevant times, an employment relationship existed between plaintiff and defendant-employer.
3. The Insurance Company of the State of Pennsylvania is the carrier on the risk and Alexsis is the authorized third party administrator.
4. Plaintiff suffered a compensable injury by accident on September 12, 1991.
5. Plaintiffs injury by accident was accepted as compensable pursuant to a Form 21 that was approved by the Commission on March 23, 1992.
6. Pursuant to the Form 21, plaintiff was paid temporary total disability compensation from November 19, 1991 through December 31, 1992 at a rate of $272.58.
7. Pursuant to a Form 26 approved by the Commission on June 29, 1994, plaintiff was paid a ten (10%) percent permanent partial disability to her left leg.
8. Plaintiffs medical records were stipulated into evidence as Stipulated Exhibit 1.
9. The issues before the Commission are: (i) whether plaintiff sustained a change of condition during May, 1996 and June, 1996; (ii) if so, what compensation, if any, is plaintiff entitled to receive; (iii) whether plaintiff is barred from asserting a change of condition pursuant to N.C. Gen. Stat. 97-47.
 ***********
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 38 years old and had been employed by defendant-employer for twelve years. Plaintiff worked as a flight attendant for defendant-employer.
2. Plaintiff injured her left leg when she slipped on water in the galley of an aircraft on September 12, 1991.
3. Plaintiff received compensation for this claim during 1991 and 1992. Plaintiff returned to work in 1993.
4. Plaintiff received supplemental pay in the form of on-the-job injury supplements (OIN) beginning in 1993 with a designation indicating an acceptance of a workers compensation claim under the defendant-employers workers compensation system for its employees.
5. During 1993 and 1994, plaintiff continued her recovery from the injury.
6. On August 9, 1994, plaintiff received a Form 28B indicating that the last payment of compensation for the injury had been mailed July 12, 1994. This compensation was paid pursuant to the Form 26 for the 10% permanent partial disability to her left leg and was received by plaintiff on July 19, 1994. This form indicated that plaintiff had two years in which to re-open her claim.
7. Plaintiff had until July 19, 1996 to file her claim for change of condition with the Industrial Commission.
8. In May 1996 plaintiff began to experience swelling in her left knee and increased difficulty walking stairs and bending her knee. In a telephone conversation with Ms. Susan Williams, the defendant-employers workers compensation supervisor, plaintiff informed Ms. Williams about her knee problems. Ms. Williams referred plaintiff to Dr. Bernstein, the physician who had previously treated plaintiff.
9. On July 25, 1996, plaintiff returned to Dr. Bernstein, who kept her at full duty at that time. Plaintiff next saw Dr. Bernstein on July 31, 1996, at which time Dr. Bernstein placed her on limited duty with reduced hours as of August 1, 1996. Defendants resumed payment of OIN compensation to plaintiff, which continued until November 1997.
10. As of November 1997, plaintiff was assigned a 20% permanent partial disability rating, which was an increase of 10% over the prior rating for which she had been paid.
11. Plaintiff returned to work for defendant-employer in December 1997.
12. Plaintiff filed a Form 33 Request for Hearing with the Commission on August 18, 1997. Therefore, plaintiff did not file a claim for change of condition with the Industrial Commission within two years.
13. Plaintiffs inaction was not induced by any acts, representations, or conduct of the defendants which amounted to a breach of good faith. Any actions or behavior by defendants, such as resumption of payment of OIN compensation, which may have been construed to constitute estoppel, occurred after the two-year time limit had lapsed.
14. Although plaintiff began to experience a worsening of her knee condition beginning in May 1996, plaintiff did not miss time from work due to her knee problems until August 1, 1996, when Dr. Bernstein recommended that she reduce her work hours.
15. Plaintiff did not sustain a change in her physical capacity to earn wages during the two years following defendants last payment of compensation to plaintiff on July 19, 1994, pursuant to an award of the Industrial Commission. There is also no evidence that plaintiffs permanent partial impairment increased during this two-year period.
16. Defendants raised the time limitation defense of N.C. Gen. Stat. 97-47 in the Form 33R filed January 27, 1998, and also in the pre-trial agreement entered into by the parties prior to the hearing before the Deputy Commissioner.
 ***********
Based upon the findings of fact, The Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On September 12, 1991, plaintiff suffered a compensable injury by accident arising out of and in the course of her employment with defendant-employer. N.C. Gen. Stat. 97-2(6).
2. Plaintiff received payment for the permanent functional impairment to her left leg on July 19, 1994. N.C. Gen. Stat.97-31(15).
3. Upon application of a party, the Industrial Commission may review a prior award on the grounds of a substantial change of condition; however, "no such review shall be made after two years from the date of the last payment of compensation. N.C. Gen. Stat.97-47.
4. Plaintiff failed to file with the Commission within two years from July 19, 1994 a claim for a change of condition relating to her compensable injury. N.C. Gen. Stat. 97-47; Hand v. FieldcrestMills, Inc., 85 N.C. App. 372, 355 S.E.2d 141, cert. denied,320 N.C. 792, 361 S.E.2d 76 (1987); Cook v. Southern Bonded, Inc.,82 N.C. App. 277, 346 S.E.2d 168 (1986), cert. denied, 318 N.C. 692,351 S.E.2d 741 (1987).
5. Defendants may be equitably estopped by their conduct to assert the two-year period as a bar to plaintiffs claim for a change of condition pursuant to N.C. Gen. Stat. 97-47. However, in this case plaintiff has not proven any conduct of defendants to have been false, misleading, or concealing in any way. Any conduct by defendants which may have supported an estoppel defense occurred after the expiration of the two-year time limit. Therefore, defendants are not estopped from raising the time limitation defense of N.C. Gen. Stat. 97-47 in this matter. Watkins v.Central Motor Lines, 279 N.C. 132, 181 S.E.2d 588 (1971).
5. Defendants timely raised the N.C. Gen. Stat. 97-47 time limitation defense in this case. Gragg v. Harris Son,54 N.C. App. 607, 284 S.E.2d 183 (1981).
6. Plaintiff sustained no change of condition within two years from the date of last payment of compensation. N.C. Gen. Stat. 97-47.
7. Plaintiff is entitled to have defendants provide for all medical expenses incurred or to be incurred as the result of the compensable injury by accident of September 12, 1991. N.C. Gen. Stat. 97-2(19) and -25; Hyler v. G.T.E. Products, 333 N.C. 258,425 S.E.2d 698 (1993).
8. Plaintiff is entitled to payment for the 10% increase to her permanent partial disability rating, as a result of her compensable injury. N.C. Gen. Stat. 97-31(15).
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendants shall pay compensation to plaintiff for the additional 10% permanent partial disability to her left leg for 20 weeks at the rate of $272.58 per week. This amount has accrued and shall be paid in a lump sum, subject to the attorneys fee awarded below.
2. Defendants shall pay all medical expenses incurred or to be incurred by plaintiff as a result of the compensable injury by accident.
3. An attorneys fee of 25% of the compensation awarded in Paragraph 1 is approved for plaintiffs counsel and shall be paid directly to plaintiffs counsel.
4. Plaintiffs claim for additional indemnity compensation benefits from defendants as a result of her change of condition is DENIED.
5. Defendants shall pay the costs.
This ___ day of August, 2000.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/______________ RENE C. RIGGSBEE COMMISSIONER
S/_______________ CHRISTOPHER SCOTT COMMISSIONER