IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA18-111

Filed: 17 July 2018

Mecklenburg County, No. 16-CVD-20456

UNIFUND CCR, LLC, Plaintiff,

v.

ISABELLE FRANCOIS, Defendant.

Appeal by plaintiff from order entered 13 July 2017 by Judge Becky T. Tin in Mecklenburg County District Court. Heard in the Court of Appeals 17 May 2018.

*Sessoms & Rogers, P.A., by Andrew E. Hoke, for plaintiff-appellant.*
*No appellee brief filed.*

DIETZ, Judge.

Plaintiff Unifund CCR, LLC brought a debt collection action against Defendant Isabelle Francois and obtained an entry of default after Francois failed to appear and respond to Unifund's complaint.

At the default judgment hearing—where Francois again failed to appear—the trial court, on its own initiative, denied Unifund's motion for default judgment and dismissed the complaint, concluding that the complaint was barred by the statute of limitations and violated a statutory provision prohibiting debt collectors from pursuing claims they know are barred by the statute of limitations.

We reverse and remand for entry of judgment in Unifund's favor. As explained below, the trial court had no authority to raise a statute of limitations defense on behalf of a defaulting litigant who did not appear. Likewise, the court had no authority to dismiss the complaint based on a perceived violation of a statute that does not authorize courts to act on their own initiative, but instead creates a separate civil enforcement mechanism for the debtor and the Attorney General.

**Facts and Procedural History**

In 2011, Defendant Isabelle Francois opened a credit card account with Citibank. Francois began making purchases on the account in March 2013 and exceeded the account's credit limit in May 2013. Francois stopped making payments in May 2013. Citibank then closed the account and sent Francois a final billing statement showing a balance of $4,618.08 with a payment due date of 20 November 2013.

After six consecutive months of nonpayment, Citibank charged off the account. Plaintiff Unifund CCR, LLC ultimately acquired the past due account.

On 14 November 2016, Unifund filed a complaint against Francois for the past due amount owed on the account. With its complaint, Unifund filed an affidavit from its custodian of records along with the billing records for the account, and documentation showing Unifund's acquisition of the account. The complaint stated

that it was filed within the statute of limitations. Unifund served Francois with the summons but Francois did not appear in the action or file a responsive pleading.

On 31 May 2017, Unifund moved for entry of default and for default judgment. The Mecklenburg County Clerk of Superior Court entered default against Francois the same day.

The trial court heard the motion for default judgment on 10 July 2017. Francois did not appear at the hearing. Unifund presented testimony from a Citibank custodian of records and its own custodian of records. Unifund also submitted the account statements and documents showing the chain of ownership of the account.

Three days later, the trial court filed a lengthy order denying Unifund's motion for default judgment and dismissing the complaint with prejudice. The court found that the action was "barred by the statute of limitations" and that it violated N.C. Gen. Stat. § 58-70-115, a statute that makes it an unfair and deceptive trade practice for a collection agency to "attempt[] to collect on a debt when the collection agency knows, or reasonably should know, that such collection is barred by the applicable statute of limitations." Unifund timely appealed.

## Analysis

Unifund argues that the trial court erred by denying its motion for default judgment and dismissing its complaint *sua sponte* based on legal defenses not raised

by Francois, who never appeared in the proceeding. As explained below, we agree that the trial court erred.

We begin by addressing the trial court's decision to deny the motion for default judgment, and to dismiss the complaint, because Unifund's claims are "barred by the statute of limitations." Rule 8 of the Rules of Civil Procedure requires that a defendant "set forth affirmatively" a statute of limitations defense in a responsive pleading. N.C. R. Civ. P. 8(c). Our appellate courts repeatedly have emphasized that "the statute of limitations is a technical defense, and must be timely pleaded or it is deemed waived." *Gragg v. W. M. Harris & Son*, 54 N.C. App. 607, 609, 284 S.E.2d 183, 185 (1981). Thus, trial courts have no authority to raise the statute of limitations defense on their own initiative; the defendant must assert this affirmative defense or it is waived.

Moreover, "[w]hen default is entered due to a defendant's failure to answer, the substantive allegations contained in plaintiff's complaint are no longer in issue, and for the purposes of entry of default and default judgment, are deemed admitted." *Luke v. Omega Consulting Grp.,* 194 N.C. App. 745, 751, 670 S.E.2d 604, 609 (2009). Thus, even setting aside a trial court's inability to raise a statute of limitations defense *sua sponte*, the court lacks the authority to examine the merits of an absent litigant's potential defenses at the default judgment stage at all. Accordingly, the trial

court erred by raising and addressing *sua sponte* a purported statute of limitations issue at the default judgment hearing.

We next examine the trial court's reliance on N.C. Gen. Stat. § 58-70-115, a statute that makes it an unfair and deceptive trade practice for a collection agency to "attempt[] to collect on a debt when the collection agency knows, or reasonably should know, that such collection is barred by the applicable statute of limitations." The trial court denied the motion for default judgment and dismissed the complaint based on its conclusion that Unifund violated this statutory provision.

As with the statute of limitations, the trial court had no authority to deny the default judgment and dismiss the complaint on this ground. The General Assembly selected a particular enforcement mechanism for this provision—it authorized the debtor and the Attorney General to bring civil claims against violators to recover actual and statutory damages. *See* N.C. Gen. Stat. § 58-70-130. The legislature *could have* authorized trial courts to independently review debt collection claims and reject those brought in violation of N.C. Gen. Stat. § 58-70-115. Instead, it chose a different means of enforcement.  Neither the trial court nor this Court can second-guess this policy decision by the General Assembly. *Davis v. Craven Cty. ABC Bd.*, __ N.C. App. __, __ S.E.2d. __, 2018 WL 1801134, at \*2 (2018). Accordingly, the trial court erred by denying the motion for default judgment and dismissing the complaint based on N.C. Gen. Stat. § 58-70-115.

## Conclusion

We reverse the trial court's order and remand for entry of an appropriate judgment in favor of Plaintiff Unifund CCR, LLC.

REVERSED AND REMANDED.

Judges TYSON and BERGER concur.